# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **DELTRO ELECTRIC LTD.**<br><br>    **Plaintiff**<br><br>v.<br><br>**ELECTRIC POWER SYSTEMS INTERNATIONAL, INC., et al.**<br><br>    **Defendants** | **Case No. 1:21-cv-00303**<br><br>**Judge Douglas R. Cole**<br><br>**Magistrate Judge Karen L. Litkovitz** |

### PLAINTIFF DELTRO ELECTRIC LTD.'S CONSENT MOTION TO DISMISS DEFENDANT CIT BANK, N.A. AND RESPONSE TO DEFENDANT CIT BANK, N.A.'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 21, Plaintiff Deltro Electric Ltd. ("Deltro") moves to dismiss Defendant CIT Bank, N.A. ("CIT") without prejudice. Deltro further requests that CIT's pending motion to dismiss be denied as moot. CIT consents to the relief requested.

A memorandum in support and proposed order are attached.

Respectfully submitted,

*/s/ Nicholas W. Schwandner*
Nicholas W. Schwandner (0086471)
Trial Attorney
SCHWANDNER LAW FIRM LLC
119 E. Court St., Suite 504
Cincinnati, OH 45202
T: 513-429-4099
F: 513-772-7904
ns@schwanlawfirm.com

*Counsel for Plaintiff*
*Deltro Electric, Ltd.*

## MEMORANDUM IN SUPPORT

### I. STATEMENT OF THE CASE

This case arises from the construction of an electric power generating facility (the "Project") in Ohio. Plaintiff Deltro Electric Ltd. ("Deltro") is a subcontractor on the Project. Defendant Electrical Power Systems International, Inc. ("EPS") is a subcontractor to Deltro on the Project. Defendant CIT Bank, N.A. ("CIT") is the Project's mortgage lender and, as such, may hold an interest in the Project property. Defendant Hillcrest Solar I, LLC is the Project's lessee who originally contracted for the work.

EPS filed a mechanic's lien on the Project, which Deltro disputes as invalid due to EPS failing to properly perfect its lien. Prior to removal, Deltro initiated this action in the Court of Common Pleas for Brown County, Ohio. Deltro sought, among other things, a declaratory judgment that EPS's lien is invalid. When declaratory relief is sought, Ohio law requires that "all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." O.R.C. 2721.12(A). Due to CIT's apparent mortgage interest in the property subject to EPS's lien, Deltro properly named CIT as a defendant per O.R.C. 2721.12(A).

Thereafter, EPS removed the action to this Court. Further, after Deltro's Complaint had been filed, the Project's original contractor, PCL Construction Services, Inc. ("PCL"), provided a surety bond as alternate security that was then approved by the Court of Common Pleas for Brown County, Ohio. The Court of Common Pleas' Order approved the bond and discharged the Project property subject to EPS's lien. Per Ohio's Mechanic's Lien Statute, EPS's "action on the lien [] proceed[s] [instead] as an action on the bond." O.R.C. 1311.11(C)(3).

In light of the Project property being discharged, CIT's mortgage interest no longer appears to be implicated and Deltro wishes to dismiss CIT from the action without prejudice.

## II. APPLICABLE LAW

The Sixth Circuit Court of Appeals has suggested that Rule 41(a) only authorizes dismissal of entire actions and to dismiss one defendant when there are multiple defendants the proper procedure is under Rule 21. *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785-86 (6th Cir. 1961). Rule 21 states, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

## III. ARGUMENT

Due to the apparently changed circumstances, Deltro moves to dismiss CIT without prejudice. Accordingly, Deltro requests that CIT's motion to dismiss be denied as moot.

Deltro further responds that CIT's requested relief of dismissal *with prejudice* would be inappropriate in light of this motion and in light of Deltro's claims not being addressed on the merits.

Moreover, CIT's motion to dismiss requests that Deltro's Complaint be dismissed in its entirety. Dismissing Deltro's Complaint in its entirety would be improper and not warranted by the changed circumstances CIT relies on, i.e. the lien bonding. Deltro has claims against EPS for breach of contract that have not been negated by the bonding. Additionally, Deltro may still seek its declaratory judgment that EPS's lien is invalid. Although EPS's lien is now against the bond, the lien claim is contingent on the invalid lien. The invalidity of EPS's lien remains subject to resolution through a declaratory judgment against EPS. Deltro wishes to dismiss all claims against CIT, but as to the other Defendants its claims should remain.

Just terms support dropping CIT as a party from these proceedings on a *without* prejudice basis as CIT will not be prejudiced if they are dismissed from this action.

### IV. Conclusion

For the foregoing reasons, Plaintiff Deltro moves for an order dismissing Defendant CIT without prejudice and denying CIT's motion to dismiss as moot.

Respectfully submitted,

*/s/ Nicholas W. Schwandner*
Nicholas W. Schwandner (0086471)
Trial Attorney
SCHWANDNER LAW FIRM LLC
119 E. Court St., Suite 504
Cincinnati, OH 45202
T: 513-429-4099
F: 513-772-7904
ns@schwanlawfirm.com

*Counsel for Plaintiff*
*Deltro Electric, Ltd.*

### CERTIFICATE OF SERVICE

I certify that a copy was filed electronically, on May 26, 2021, via the Court's CM/ECF system, which will serve notification upon:

Stephen Intihar
Alexandra Parriman
Bricker & Eckler LLP
100 South Third St.
Columbus, OH 43215
*Counsel for Defendant*
*CIT Bank, NA*

Heather M. Hawkins
Anna M. Greve
Taft Stettinius & Hollister LLP
425 Walnut St., Ste. 1800
Cincinnati, OH 45202
*Counsel for Defendant*
*Hillcrest Solar I, LLC*

Theresa L. Nelson
Graydon Head & Ritchey LLP
312 Walnut St., Ste. 1800
Cincinnati, OH 45202
*Counsel for Defendant*
*Electric Power Systems International, Inc.*

*/s/ Nicholas W. Schwandner*
Nicholas W. Schwandner