**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **DELTRO ELECTRIC LTD.**<br><br>  **Plaintiff**<br><br>v.<br><br>**ELECTRIC POWER SYSTEMS INTERNATIONAL, INC., et al.**<br><br>  **Defendants** | **Case No. 1:21-cv-00303**<br><br>**Judge Douglas R. Cole**<br><br>**Magistrate Judge Karen L. Litkovitz** |

### PLAINTIFF DELTRO ELECTRIC LTD.'S MOTION FOR REMAND

Pursuant to 28 U.S.C. § 1447(c), Plaintiff Deltro Electric Ltd. moves to remand this case to the Court of Common Pleas for Brown County, Ohio from which it came.  Deltro Electric Ltd. further moves for its attorney's fees incurred as a result of the removal because the removing party lacked an objective basis to seek removal.

A memorandum in support is attached.

Respectfully submitted,

*/s/ Nicholas W. Schwandner*
Nicholas W. Schwandner (0086471)
Trial Attorney
SCHWANDNER LAW FIRM LLC
119 E. Court St., Suite 504
Cincinnati, OH 45202
T: 513-429-4099
F: 513-772-7904
ns@schwanlawfirm.com

*Counsel for Plaintiff*
*Deltro Electric, Ltd.*

**MEMORANDUM IN SUPPORT**

Plaintiff Deltro Electric Ltd. ("Deltro") initiated this action in the Court of Common Pleas for Brown County, Ohio. Defendant Electric Power Systems International, Inc. ("EPS") then improperly removed the action without an objective basis for removal being available procedurally and substantively. First, EPS failed to obtain the necessary consent and joinder in the removal of all Defendants. Second, EPS failed to demonstrate its removal was allowed under the forum-defendant rule. Third, EPS removed solely on the basis of diversity jurisdiction, but EPS's Notice of Removal failed to demonstrate diversity exists and that the Court has subject matter jurisdiction.

## I. STATEMENT OF FACTS

This case arises from construction of a solar electric power generating facility in Ohio (the "Project"). (ECF No. 1-1 p. 3, ¶ 6, Deltro Complaint). Defendant Hillcrest Solar I, LLC ("Hillcrest Solar") was the lessee that contracted for the Project and owns the Project improvements. (*Id.*). PCL Construction Services, Inc. ("PCL") was the general contractor / original contractor. (*Id.* at ¶ 13). PCL subcontracted a portion of the work to Deltro. (*Id.* at ¶ 14). Deltro, in turn, subcontracted a portion of the work to EPS. (*Id.* at ¶ 15).

During the Project, EPS failed to perform its contractual obligations. (*Id.*, p. 4, ¶ 19). It then claimed it was owed payment for unverified and/or unapproved labor and materials for which it was not owed payment. (*Id.* at ¶ 20). Ultimately, EPS abandoned the Project, leaving its scope of work incomplete. (*Id.* at ¶ 21-22). EPS then filed a mechanic's lien on the Project that was grossly overstated and exaggerated. (*Id.* at ¶ 23-24). Furthermore, EPS's lien was invalid due to EPS's failure to properly perfect its lien. (*Id.* at ¶ 25).

EPS's invalid lien caused PCL to begin withholding payment from Deltro, which impacted Deltro's ability to pay its other subcontractors and prevented the orderly administration and performance of the Project. (*Id.* at ¶ 26-29).

To mitigate and rectify the harm that EPS's lien was and still is causing to the Project, Deltro filed its Complaint in the Court of Common Pleas for Brown County, Ohio where the Project was located. (ECF No. 1-1). Deltro's Complaint asserted only state-law claims for a declaratory judgment that EPS's lien was invalid and breach of contract damages. (*Id.*).

Deltro's Complaint named as Defendants EPS and Hillcrest Solar.[1] The state court Summons and Complaint were served on EPS on **April 9, 2021**. Exhibit 1, certified mail return card for EPS; Exhibit 2, United States Postal Service delivery tracking for EPS.[2] The state court Summons and Complaint were served on Hillcrest Solar on **April 12, 2021**. Exhibit 3, State Court docket; Exhibit 4, certified mail return card for Hillcrest Solar; Exhibit 5, United States Postal Service delivery tracking for Hillcrest Solar.

Thereafter, on **April 30, 2021**, EPS filed its Notice of Removal. (ECF No. 1). Because Hillcrest Solar had already been properly joined and served at the time of EPS's Notice of Removal, Hillcrest Solar was required to join in or consent to the removal. However, Hillcrest Solar did not join in the Notice of Removal. (ECF No. 1). Nor did EPS's Notice of Removal indicate that Hillcrest Solar had consented to removal. (ECF No. 1). And to date, Hillcrest Solar has not consented to removal. As a result, EPS's Notice of Removal lacked the necessary consent and joinder of all Defendants.

---

[1] The third defendant was Hillcrest Solar's mortgage lender, CIT Bank, N.A., who is expected to be voluntarily dismissed.

[2] EPS's Notice of Removal erroneously stated it was served April 19, 2021. (ECF No. 1, p. 1, ¶ 2).

Additionally, a civil action cannot be removed if any of the Defendants are a citizen of the State in which the action is brought (Ohio). A civil action also cannot be removed on the basis of diversity jurisdiction if diverse citizenship is lacking. On these issues, EPS's Notice of Removal for Hillcrest Solar's citizenship stated, "Defendant Hillcrest Solar I, LLC is a limited liability company formed in the State of Delaware." (ECF No. 1, p. 2, ¶ 9). However, Hillcrest Solar, as EPS recognized, is an LLC. An LLC's citizenship is not determined by its state of formation but rather is a citizen of each state of its members, partners, and sub-members. Thus, EPS's Notice of Removal also failed to demonstrate compliance with the forum-defendant rule and to demonstrate complete diversity.

## II. APPLICABLE LAW

"Removal jurisdiction is a question of law" for the Court. *Davis v. McCourt*, 226 F.3d 506, 509 (6th Cir. 2000). A motion to remand for any defect other than lack of subject matter jurisdiction may be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *Id.*

"[R]emoval jurisdiction encroaches on state jurisdiction, and the interests of comity and federalism require that federal jurisdiction be exercised only when it is clearly established." *Holston v. Carolina Freight Carriers Corp.*, Case No. 90-1358, 1991 U.S. App. LEXIS 14129, at *7-8 (6th Cir. 1991).

The removing party bears the burden of establishing removal was proper. *Her Majesty the Queen in Right of Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). For procedural issues, "once the non-removing party moves to remand based on a procedural defect, the statutory procedures for removal are to be strictly construed, and any doubts concerning jurisdiction should be resolved in favor of remand." *Deutsche Bank*

4

*Nat'l Tr. Co. v. Mitchell*, Case No. 3:08-08-DCR, 2008 WL 2812018, at *7-8 (E.D. Ky. 2008). Similarly, for jurisdictional issues, "[a] defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993).

"Indeed, there is a 'strong presumption' against removal, and any doubt as to whether the removal is proper should be resolved in favor of remand to state court." *Petties v. Kindred Healthcare, Inc.*, 366 F. Supp. 2d 636, 639 (W.D. Tenn. 2005). "When jurisdiction upon removal is uncertain, federal courts must construe the removal statutes strictly, resolving all doubts in favor of remand." *Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, Case No. 1:20-cv-519, 2020 WL 6075712, at *4 (S.D. Ohio 2020). "That makes sense because, if the federal court lacks jurisdiction, that would render any decree in the case void and the continuation of the litigation in federal court futile….And that serves no one's interests." *Id.* (citations omitted).

### III. ARGUMENT

The Court of Common Pleas for Brown County, Ohio had jurisdiction over this entirely state-law case and had asserted that jurisdiction by serving summonses on the parties. In an encroachment on state jurisdiction, EPS improperly took this state-law case away from the state court by removing with a defective Notice of Removal and without objective basis for removal being available.

Unlike the courts of Ohio, the district courts of the United States are, "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005). "They possess only that power authorized by Constitution and statute." *Id.* Where, as here, the procedural and substantive rules laid out by Congress have not been complied with and

5

fully satisfied, the Court should not proceed with the case. To the contrary, the Court should remand the case to the state court that it was originally before.

EPS's Notice of Removal improperly divested the state court from hearing this case because: (1) EPS lacked joinder or consent from a necessary co-Defendant; (2) EPS failed to demonstrate compliance with the forum-defendant rule; and (3) EPS failed to demonstrate the Court has subject matter jurisdiction based on the diversity jurisdiction EPS solely relied on.

### A. The case should be remanded because EPS failed to obtain co-Defendant Hillcrest Solar's joinder or consent.

Congress has directed that, "When a civil action is removed solely under section 1441(a) [such as diversity jurisdiction], all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

"It is well established that removal generally requires unanimity among the defendants." *Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 972 (S.D. Ohio 2003). "The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Id.* A notice of removal filed by less than all defendants "is considered defective." *Id.* at 972-73. Such a defective notice of removal warrants remand to the state court. *Id.* at 978.

In the present case, Hillcrest Solar had been properly served prior to EPS filing its Notice of Removal. Hillcrest Solar's joinder in the Notice of Removal or filing of written consent to removal was required. However, Hillcrest Solar did not join in the removal. Hillcrest Solar also did not file written consent to removal. As a matter of law, EPS's Notice of Removal did not comply with the unanimity requirement of 28 U.S.C. §

6

1446(b)(2)(A), which is strictly enforced, and the removal was defective. As in *Hicks*, the unanimity requirement defect requires remand of this case back to the state court.

### B. The case should be remanded because EPS failed to demonstrate its removal complied with the forum-defendant rule.

Congress has also directed that for removal based on diversity of citizenship, "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," i.e. the forum-defendant rule. 28 U.S.C. § 1441(b)(2).

EPS's Notice of Removal, as to Hillcrest Solar's citizenship, stated only that it was formed in the State of Delaware. However, that is not relevant information for demonstrating Hillcrest Solar's citizenship. LLC's such as Hillcrest Solar are not treated like corporations for purposes of their citizenship. An LLC is a citizen of each state of each of its members and partners:

> The parties erred in assuming that a limited liability company, like a corporation, is a citizen of its states of organization and principal place of business. The general rule is that all unincorporated entities – of which a limited liability company is one – have the citizenship of each partner or member. Accordingly, we held in an unpublished decision that a limited liability company has the citizenship of each of its members. And we so hold today. In doing so, we join every other circuit that has addressed this issue.

*Delay v. Rosenthal Collins Grp., Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citations omitted).

Further, "because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizen of each 'sub-member' as well." *Id*.

EPS, in its Notice of Removal, was strictly required to demonstrate that none of EPS's members, partners, or sub-members are a citizen of Ohio.

7

EPS's Notice of Removal did not demonstrate which states Hillcrest Solar's members are citizens of. EPS also did not demonstrate which states Hillcrest Solar's sub-members are citizens of. By omitting the citizenship information, EPS did not meet its burden to show that Hillcrest Solar is not a citizen of Ohio either directly or through sub-members. As the removing party, EPS was strictly required to make that demonstration in the Notice of Removal.

EPS did not demonstrate compliance with the forum-defendant rule. EPS's forum-defendant rule defect requires remand back to the state court because as it stands this Court cannot know that removal was authorized. Removal of this case may very well have been prohibited by the forum-defendant rule.[3] This uncertainty must be resolved in favor of remand. *Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, 1:20-cv-519, 2020 WL 6075712, at *4 (S.D. Ohio 2020).

**C. The case should be remanded because EPS failed to demonstrate subject matter jurisdiction.**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447 (emphasis added). The removing party bears the strict burden to prove the diversity jurisdiction requirements. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993).

EPS's Notice of Removal failed to identify the citizenship of Hillcrest Solar's members, partners, and sub-members as an LLC. EPS's Notice of Removal did not meet its strict burden to demonstrate diversity jurisdiction exists because without knowing the actual citizenship of Hillcrest Solar it is unknown if there actually is diversity. This crucial

---

[3] As a lessee owning substantial assets in Ohio, i.e. the Project, it would not be surprising if one of Hillcrest Solar's members or sub-members is a citizen of Ohio.

uncertainty cannot be resolved by assuming there is diversity. Rather the uncertainty requires the opposite. It must be resolved in favor of remand.

A similar set of circumstances was presented in *Kmet v. Household Life Ins. Co.*, Case No. 1:09-cv-1933, 2009 WL 3817869 (N.D. Ohio 2009). There, the Notice of Removal alleged "complete diversity of citizenship" but provided no information on actual states of citizenship. *Id.* at *3. The court in *Kmet* recognized that the removing party "must affirmatively allege the actual citizenship of the parties." *Id.* But because the removing party had not, the removing party "[left] the Court to guess whether the citizenship requirement ha[d] been satisfied." *Id.* The court determined that the removing party had "not met its burden to demonstrate the existence of diversity of citizenship…[and]…the Court cannot assume jurisdiction of the case and must remand" to the state court of common pleas. *Id.* at *4-5.

As in *Kmet*, here EPS has not met its burden to affirmatively demonstrate diversity jurisdiction exists. This defect creates the uncertainty that the diversity jurisdiction EPS solely relies on may not exist. The uncertainty should be resolved by remanding the case.

### D. Deltro should be awarded its attorney's fees incurred as a result of EPS's improper removal.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A]fter issuing an order of remand, [a district court] may make an award of attorney fees and costs in a separate order." *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997); *Lilly Indus. V. Emp'rs Ins. Of Wausau*, Case No. 1:00-cv-772, 2001 U.S. Dist. LEXIS 531, at *27 (W.D. Mich. 2001) ("the court will retain limited jurisdiction after the remand, for the sole purpose of determining the amount of the award under § 1447(c)."). Deltro requests that if the remand is granted, the Court retain

9

jurisdiction to hear Deltro's attorney's fees request. The remand issue is currently ongoing so the amount of attorney's fees is not yet known.

Where remand is granted, attorney's fees may be awarded when the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). EPS lacked an objectively reasonable basis for seeking removal first because it failed to comply with the procedural unanimity requirement, making removal objectively unavailable. *See Maguire v. Genesee Cty. Sheriff*, 601 F. Supp. 2d 882, 886 (E.D. Mich. 2009) (awarding attorney's fees on remand for removal without unanimous consent and untimeliness); *Zanghi v. Laborers' Int'l Union*, Case No. 00-cv-0242E(F), 2000 WL 743986, at *4 (W.D.N.Y. 2000) (awarding attorney's fees on remand for removal without unanimous consent because lack of consent gave rise to "obviousness of the nonremovability"). EPS's removal further warrants an award of fees because it removed without an objectively reasonable basis for satisfaction of the forum-defendant rule and without an objectively reasonable basis that the Court had diversity jurisdiction.[4]

                                                                          Respectfully submitted,

                                                                          */s/ Nicholas W. Schwandner*
                                                                          Nicholas W. Schwandner (0086471)
                                                                          Trial Attorney
                                                                          SCHWANDNER LAW FIRM LLC
                                                                          119 E. Court St., Suite 504
                                                                          Cincinnati, OH 45202
                                                                          T: 513-429-4099
                                                                          F: 513-772-7904
                                                                          ns@schwanlawfirm.com

                                                                          *Counsel for Plaintiff*

---

[4] EPS's improper removal has also harmed Deltro by delaying the adjudication of rights it seeks in Deltro's claim for a declaratory judgment. In the state court, Deltro was preparing to file a motion for summary judgment to obtain an order that EPS's lien was invalid as a matter of law. Deltro had even advised EPS of the forthcoming motion. EPS's improper removal has delayed Deltro's ability to file this motion until the remand is resolved.

*Deltro Electric, Ltd.*

## CERTIFICATE OF SERVICE

I certify that a copy was filed electronically, on May 27, 2021, via the Court's CM/ECF system, which will serve notification upon:

Stephen Intihar
Alexandra Parriman
Bricker & Eckler LLP
100 South Third St.
Columbus, OH 43215
*Counsel for Defendant*
*CIT Bank, NA*

Heather M. Hawkins
Anna M. Greve
Taft Stettinius & Hollister LLP
425 Walnut St., Ste. 1800
Cincinnati, OH 45202
*Counsel for Defendant*
*Hillcrest Solar I, LLC*

Theresa L. Nelson
Graydon Head & Ritchey LLP
312 Walnut St., Ste. 1800
Cincinnati, OH 45202
*Counsel for Defendant*
*Electric Power Systems International, Inc.*

> */s/ Nicholas W. Schwandner*
> Nicholas W. Schwandner