**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **DELTRO ELECTRIC LTD.**<br><br>　　**Plaintiff**<br><br>v.<br><br>**ELECTRIC POWER SYSTEMS INTERNATIONAL, INC., et al.**<br><br>　　**Defendants** | **Case No. 1:21-cv-00303**<br><br>**Judge Douglas R. Cole**<br><br>**Magistrate Judge Karen L. Litkovitz** |

**PLAINTIFF DELTRO ELECTRIC LTD.'S REPLY IN SUPPORT OF MOTION FOR REMAND**

Plaintiff Deltro Electric Ltd. ("Deltro") submits this Reply in Support of its Motion for Remand.

**I.　　Hillcrest Solar is not a nominal party for purposes of the rule of unanimity requirement.**

"Historically, courts have strictly construed the procedural requirements of § 1446…to require that all defendants either join the petition for removal or to consent to such removal." *Klein v. Manor Healthcare Corp.*, 1994 U.S. App. LEXIS 6086, at *12, n. 8 (6th Cir. 1994) (emphasis added). All defendants' joining or consenting to removal is the rule. *Beasley v. Wells Fargo Bank, N.A.*, 744 F. App'x 906, 914 (6th Cir. 2018) ("For a notice of removal to be proper, the 'rule of unanimity' mandates that 'all defendants who have been served or otherwise properly joined in the action must either join in the removal or file a written consent to' the same."). A limited exception to the unanimity requirement exists for "nominal" parties. *Id.*

The Sixth Circuit has described the narrow exception of a nominal party as one who is "neither necessary nor indispensable" to an action. *Id.* When Deltro filed its state court

Complaint, the removing Defendant Electric Power Systems International, Inc. ("EPS") had placed a $2,171,921.55 mechanic's lien on Hillcrest Solar I, LLC's ("Hillcrest Solar") real property. Exhibit 1, EPS Affidavit for Mechanics' Lien. Deltro's action seeking to invalidate EPS's $2,171,921.55 lien on Hillcrest Solar's property directly implicated the real property interests of Hillcrest Solar. Additionally, Ohio's declaratory judgment statute mandates that "all persons who have…any interest that would be affected by the declaration shall be made parties to the action or proceeding." O.R.C. 2721.12(A). By the State of Ohio's law, Hillcrest Solar was a necessary party to the action. Hillcrest Solar was by no means a nominal party as defined by the Sixth Circuit. Nor was Hillcrest Solar the exception to the rule whose interests were nonexistent to the extent that it warranted them being disregarded as a party.

"Several other circuits have held that a defendant is nominal if 'there is no real basis for liability against that defendant or where that defendant's interests are not genuinely adverse to the plaintiff." *Beasley v. Wells Fargo Bank, N.A.*, 2017 U.S. Dist. LEXIS 95841, at * 8 (M.D. Tenn. 2017) (citations omitted). Currently, Hillcrest Solar remains a significant party to the dispute over liens and payments for the Hillcrest Solar Project (the "Project"). After removal and while the remand motion has been pending, Deltro placed its own $28,947,845.29 mechanic's lien on Hillcrest Solar's real property. Exhibit 2, Deltro Affidavit for Mechanics' Lien. The lien has temporarily been removed pending efforts to resolve payment disputes but will be refiled if the efforts are not successful. Beyond Deltro's mechanic's lien claims against Hillcrest Solar, Ohio law provides subcontractors direct claims against project owners for unjust enrichment. *Moosehead Harvesting, Inc. v. Eureka Midstream, LLC*, 2019-Ohio-3961 (7th Dist. 2019). Hillcrest Solar is directly liable to Deltro under the unjust enrichment cause of action as well. There are real and ongoing bases for liability against Hillcrest Solar and its interests are adverse to Plaintiff Deltro.

The nominal defendant definition provided by the Fourth Circuit of "a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal" similarly does not apply to Hillcrest Solar. *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013).  Prior to the removal, Hillcrest Solar's apparent stake included EPS's $2,171,921.55 lien on Hillcrest Solar's real property and subsequent to the removal Hillcrest Solar's apparent stake includes Deltro's $28,947,845.29 lien and unjust enrichment causes of action.

The Fifth Circuit's nominal defendant definition, particularly that "there no is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendant", once again does not apply Hillcrest Solar. *Farias v. Bexar Cnty. Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991).  Deltro already has shown the mechanic's lien and unjust enrichment causes of action it can establish against Hillcrest Solar.

The rule is that all defendants must join or consent.  Only in the narrow exception of a nominal party could EPS have removed without Hillcrest Solar's joinder or filed written consent.  Hillcrest Solar is not and has never been a nominal party.

The purpose of the nominal defendant exception to the unanimity requirement is also instructive.  "This exception helps to prevent a party from overriding congressionally prescribed bases for removal through strategic pleading." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013).  Hillcrest Solar was named not for strategic pleading, but rather because Hillcrest Solar's $2,171,921.55 real property interest was at stake and Hillcrest Solar was required as a necessary party by Ohio law.

As a non-nominal party, Hillcrest Solar's joinder or consent to removal was required.

**II.     Hillcrest Solar's written consent to removal was not filed within the 30-day time period.**

3

The Sixth Circuit has established a bright line rule that co-defendants not joining in the removal must timely file their written consent to removal or else the removal was improper and remand is required:

> Consistent with the prevailing view, we hold that all defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable. Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446.

*Loftis v. UPS*, 342 F.3d 509, 516 (6th Cir. 2003)(citation omitted). The holding is clear that consent must be in writing, filed, and timely.

Hillcrest Solar did not join EPS's Notice of Removal. EPS's Notice of Removal also made no mention whatsoever of Hillcrest Solar's consent. For removal to be proper, Hillcrest Solar's written consent to removal had to be timely filed. It was not.

EPS was served on April 9, 2021. Hillcrest Solar was served on April 12, 2021. Utilizing the later date for Hillcrest Solar[1], per the 30-day period, Hillcrest Solar's written consent must have been filed by **May 12, 2021**. No written consent from Hillcrest Solar was filed by the deadline.

Recently, after Deltro's Motion for Remand was submitted, EPS did file as part of EPS's Motion for Leave to Amend Notice of Removal (ECF No. 20) an email from Hillcrest Solar's attorney indicating consent to removal, but that filing did not occur until **June 17, 2021** (36 days out of time). Under *Loftis*, the necessary filing of Hillcrest Solar's written consent was not timely and remand is required. *See Daniel v. Anderson Cty. Emergency &*

---

[1] The 30-day period begins when the removing defendant was served. *Boyd v. State Farm Mut. Auto. Ins. Co.*, 2009 U.S. Dist. LEXIS 147969, at * 5 (E.D. Mich. 2006). But because the written consent was not timely filed based on either service date, Deltro will use the later date to avoid a potential point of dispute.

4

*Rescue Squad*, 469 F. Supp. 2d 494, 496-497 (E.D. Tenn. 2007) (the co-defendants "filed subsequent written consents to removal, but the consents were not timely….Therefore, both notices are outside the *Loftis* thirty day window for consent, rendering them ineffective. [One co-defendant] did provide oral consent prior to the removal, but oral consent is insufficient in light of *Loftis'* specific reference to written consent."); *Hill v. City of Memphis*, 2012 U.S. Dist. LEXIS 75862, at * 7-8 (W.D. Tenn. 2012) (untimely filed written consents did not satisfy rule of unanimity so remand was necessary); *Boyd v. State Farm Mut. Auto. Ins. Co.*, 2009 U.S. Dist. LEXIS 147969 (E.D. Mich. 2009) (untimely filed written consent outside 30-day period could not cure defective removal so remand was required).

EPS did not join Hillcrest Solar in the Notice of Removal or file Hillcrest Solar's written consent in a timely fashion. The untimely filing of a written consent only after the 30-day deadline had expired could not cure the unanimous consent deficiency. The rule of unanimity deficiency renders EPS's removal improper and requires remand of this case.

**III.    EPS did not demonstrate compliance with the forum-defendant rule.**

The forum-defendant rule applies regardless of whether Hillcrest Solar is determined to be a nominal defendant or not. EPS provides no authority for its proposition that the forum-defendant rule has a nominal party exception.

The plain text of 28 U.S.C. 1441(b) states that removal is not available if any defendant is a citizen of the state the action is initiated in. EPS's proposed exception contradicts the text of the statute. Further, a previous court presented with the argument that the forum defendant rule contains a nominal party exception rejected the proposition. *Tipton v. Landen*, 2016 U.S. Dist. LEXIS 29881, at * 15-16 (W.D. La. 2016).

Regardless of whether Hillcrest Solar is a nominal defendant, EPS was required to demonstrate compliance with the forum-defendant rule. EPS did not do so because it did

5

not follow the citizenship test for Hillcrest Solar as an LLC. EPS did not meet its burden of demonstrating compliance with the forum-defendant rule.

### IV. EPS did not demonstrate Hillcrest Solar's diversity for subject matter jurisdiction.

EPS's Opposition does not dispute that EPS's Notice of Removal failed to demonstrate Hillcrest Solar's citizenship under the standards appliable to LLCs.

EPS, however, was required to do so because Hillcrest Solar was not a nominal party. At the time Deltro's case was commenced, EPS had a $2,171,921.55 mechanic's lien on Hillcrest Solar's real property. Hillcrest Solar faced a $2,171,921.55 liability and the foreclosure and sale of its real property. Hillcrest Solar was also a necessary party under Ohio's declaratory judgment statute. O.R.C. 2721.12(A). At the time Deltro's case was commenced, Hillcrest Solar was not a nominal party.[2]

Because Hillcrest Solar was and is not a nominal party it was incumbent on EPS to meet its complete diversity burden. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993) ("[a] defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements."). EPS's Notice of Removal did not meet EPS's burden. Remand is appropriate.

Respectfully submitted,

*/s/ Nicholas W. Schwandner*
Nicholas W. Schwandner (0086471)
Trial Attorney
SCHWANDNER LAW FIRM LLC
119 E. Court St., Suite 504
Cincinnati, OH 45202
T: 513-429-4099
F: 513-772-7904

---

[2] And at the time of removal through today Hillcrest Solar remains not a nominal party. Hillcrest Solar continues to face Deltro's claims for outstanding payments.

6

ns@schwanlawfirm.com

*Counsel for Plaintiff*
*Deltro Electric, Ltd.*

## CERTIFICATE OF SERVICE

I certify that a copy was filed electronically on June 29, 2021 via the Court's CM/ECF system, which will serve notification upon:

| | |
|---|---|
| Stephen Intihar | Heather M. Hawkins |
| Alexandra Parriman | Anna M. Greve |
| Bricker & Eckler LLP | Taft Stettinius & Hollister LLP |
| 100 South Third St. | 425 Walnut St., Ste. 1800 |
| Columbus, OH 43215 | Cincinnati, OH 45202 |
| *Counsel for Defendant* | *Counsel for Defendant* |
| *CIT Bank, NA* | *Hillcrest Solar I, LLC* |

Theresa L. Nelson
Graydon Head & Ritchey LLP
312 Walnut St., Ste. 1800
Cincinnati, OH 45202
*Counsel for Defendant*
*Electric Power Systems International, Inc.*

<u>*/s/ Nicholas W. Schwandner*</u>
Nicholas W. Schwandner