# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **DELTRO ELECTRIC LTD.** | **Case No. 1:21-cv-00303** |
| **Plaintiff** | |
| | **Judge Douglas R. Cole** |
| **v.** | |
| | **Magistrate Judge Karen L. Litkovitz** |
| **ELECTRIC POWER SYSTEMS INTERNATIONAL, INC., et al.** | |
| **Defendants** | |

## PLAINTIFF DELTRO ELECTRIC LTD.'S MEMORANDUM IN OPPOSITION TO DEFENDANT ELECTRIC POWER SYSTEMS INTERNATIONAL, INC.'S MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL

Plaintiff Deltro Electric Ltd. ("Deltro") submits this Memorandum in Opposition to Defendant Electric Power Systems International, Inc.'s ("EPS") Motion for Leave to Amend Notice of Removal ("Motion for Leave").

Deltro's pending Motion for Remand (ECF No. 16) raised that EPS's removal was improper due to failure to satisfy the rule of unanimity, failure to demonstrate compliance with the forum-defendant rule, and failure to demonstrate citizenship for diversity jurisdiction.

Leave to file the proposed Amended Notice of Removal should be denied because it does not rectify the defects and is therefore futile. *Tech Hills II Assocs. v. Phx. Home Life Mut. Ins. Co.*, 5 F.3d 963, 969 (6th Cir. 1993) (petition for removal may be amended under the same considerations governing the amendment of other pleadings containing jurisdictional allegations); *Smith v. City of Memphis*, 2021 U.S. App. LEXIS 18525, at * 4 (6th Cir. 2021) ("the district court may deny leave to amend if the proposed amendment would be futile.").

**I.     The proposed Amended Notice of Removal cannot cure the lack of timely written and filed consent from Hillcrest Solar.**

Hillcrest Solar, as a non-nominal party, was required to either join in the Notice of Removal or file written consent to removal in a timely fashion. *Loftis v. UPS*, 342 F.3d 509 (6th Cir. 2003). Hillcrest Solar did not join the Notice of Removal. Therefore, for removal to be proper, Hillcrest Solar must have filed timely written consent.

The timeliness requirement is 30 days from receipt of the summons. *Id*. In actuality, the deadline to file Hillcrest Solar's written consent was May 12, 2021 at the very latest. (ECF No. 21, Deltro Reply in Support of Motion for Remand, Section II). The first attempt by EPS to file a written consent for Hillcrest Solar was as an exhibit to its Motion for Leave filed on June 17, 2021. EPS's filing was 36 days out of time. (ECF No. 21, Deltro Reply in Support of Motion for Remand, Section II).

*Loftis* imposed a bright line 30-day time period for a co-defendants' filing of written consent. The time for Hillcrest Solar's filing of written consent passed before any written consent on its behalf was filed. Even if the Motion for Leave were granted, the rule of unanimity was not satisfied in a timely fashion and remand would be required. *See Daniel v. Anderson Cty. Emergency & Rescue Squad*, 469 F. Supp. 2d 494, 496-497 (E.D. Tenn. 2007) (the co-defendants "filed subsequent written consents to removal, but the consents were not timely….Therefore, both notices are outside the *Loftis* thirty day window for consent, rendering them ineffective. [One co-defendant] did provide oral consent prior to the removal, but oral consent is insufficient in light of *Loftis'* specific reference to written consent."); *Hill v. City of Memphis*, 2012 U.S. Dist. LEXIS 75862, at * 7-8 (W.D. Tenn. 2012) (untimely filed written consents did not satisfy rule of unanimity so remand was necessary); *Boyd v. State Farm Mut. Auto. Ins. Co.*, 2009 U.S. Dist. LEXIS 147969 (E.D.

Mich. 2009) (untimely filed written consent outside 30-day period could not cure defective removal so remand was required).

As such, the proposed Amended Notice of Removal is futile under the rule of unanimity and leave should be denied.

## II. The proposed Amended Notice of Removal does not cure EPS's failure to demonstrate compliance with the forum-defendant rule.

Regardless of whether Hillcrest Solar is a nominal party, EPS must demonstrate compliance with the forum-defendant rule. (ECF No. 21, Deltro Reply in Support of Motion for Remand, Section III). If the forum-defendant rule was not complied with, the case is not removable.

An LLC is a citizen of each state of each of its members and partners as well as their sub-members. *Delay v. Rosenthal Collins Grp., Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009). Therefore, "the federal court needs to know the citizenship of each 'sub-member' as well. *Id.*

Deltro's Motion for Remand raised EPS's failure to demonstrate Hillcrest Solar's citizenship under the LLC principles, yet EPS's proposed Amended Notice of Removal fails to correct the deficiency.

The proposed Amended Notice of Removal contains only two allegations on this point. First, EPS states Hillcrest Solar is an LLC formed in the State of Delaware. (ECF No. 20-1, p. 2, ¶ 9, proposed Amended Notice of Removal). That is not the citizenship standard for an LLC and does not meet EPS's burden.[1] Second, EPS states "Counsel for Hillcrest has also confirmed the company's members and sub-members are citizens of Delaware." (ECF No. 20-1, p. 3, ¶ 12, proposed Amended Notice of Removal). This vague

---

[1] *See*, *Delay v. Rosenthal Collins Grp., Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009) (The parties erred in assuming that a limited liability company, like a corporation, is a citizen of its states of organization and principal place of business.")

statement is insufficient to meet EPS's burden if leave to amend were granted because the standard for LLCs requires identification of all the members and sub-members, identification of their respective citizenships, and allegations particular to both members and sub-members. *Tech Hills II Assocs. v. Phx. Home Life Mut. Ins. Co.*, 5 F.3d 963, 969 (6th Cir. 1993) ("It must be made clear that this opinion is not to be construed as departing in any way from the precept that the facts giving rise to federal jurisdiction must be strictly construed and alleged with particularity.").  For example, the statements made by EPS do not specify who the members and sub-members of Hillcrest Solar are, whether all of Hillcrest Solar's members and sub-members were considered, whether the statements are based on EPS's direct knowledge or speculation, whether the proper citizenship principles were applied to Hillcrest Solar's sub-members, and whether these statements included or considered Hillcrest Solar's principal places of business. These statements lack necessary particularity and factual support.

The proposed Amended Notice of Removal, on its face, does not demonstrate compliance with the forum-defendant rule.  Even if leave were granted, the deficiency would remain.  The proposed Amended Notice of Removal is futile under the forum-defendant rule and leave should be denied.

### III. Hillcrest Solar's email regarding citizenship, upon which the proposed Amended Notice of Removal is based, does not cure EPS's failure to demonstrate complete diversity.

In support of EPS's Motion for Leave, EPS attached an email from Hillcrest Solar's counsel regarding Hillcrest Solar's citizenship for purposes of complete diversity.  The email does not meet EPS's burden.

The email states:

Hillcrest Solar I, LLC and its member and sub-members, ending with Innergex Holdings USA, Inc., are all Delaware LLCs or corporation.  There is

4

no overlapping state of organization or principal place of business with either Missouri or Utah. That was the status at the time EPS removed the case, and remains the status today.

(ECF No. 20-2, p. 1, EPS affidavit and Hillcrest Solar email).

The email does not identify the intermediate companies, how many there are, or their names. It also does not identify whether the intermediates are all LLCs or corporations. Lastly, it does not identify the intermediates' citizenship status. This email does not demonstrate who all of the members and sub-members are or demonstrate their respective citizenships as required. *See Delay v. Rosenthal Collins Grp., Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("the court needs to know the citizenship of <u>each</u> member of the company…and <u>each</u> 'sub-member'" (emphasis added); *Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, (11th Cir. 2004) ("To sufficiently allege the citizenships…a party must list…all members…"); *G2 Secure Staff LLC v. ABM Indus.,* 2021 U.S. Dist. LEXIS 42080 (C.D. Cal. 2021) ("If any of the members…are limited liability companies, Plaintiff must also list all the members and citizenship of those limited liability companies.")

To meet its burden, EPS is required to name/identify each member and sub-member, state the respective citizenships, and plead supporting facts with particularity. Despite having the cooperation of Hillcrest Solar to do so, EPS chose not to. Even if leave to amend were granted, the citizenship deficiency for diversity jurisdiction will still be present. The proposed Amended Notice of Removal is futile and leave should be denied.

## IV. According to EPS and Hillcrest Solar's submission on citizenship, this Court lacks diversity jurisdiction.

When there is a foreign citizen plaintiff and a foreign citizen defendant, "complete diversity…is absent." *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999); *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 127 (2nd Cir. 2020) ("federal courts do not have diversity

jurisdiction over lawsuits between two foreign parties"); *Peninsula Asset Mgt. (Cayman), Ltd. v. Hankook Tire Co.,*, 2008 U.S. Dist. LEXIS 7642, at *4-5 (N.D. Ohio 2008) ("In *Ruhrgas*, the presence of a German corporation on one side and a Norwegian corporation on the other rendered diversity incomplete."); *German Free Bavaria v. Toyobo Co., Ltd.*, 2007 U.S. Dist. LEXIS 19828, at * 7 (W.D. Mich. 2007) ("The Court agrees that diversity jurisdiction is lacking in this case where Plaintiffs and a Defendant share foreign citizenship.").

Plaintiff Deltro is a foreign citizen of Canada. (ECF No. 1, p. 2, ¶ 7, EPS Notice of Removal); (ECF No. 20-1, p. 2, ¶ 7, EPS proposed Amended Notice of Removal). Therefore, if Defendant Hillcrest Solar's ending member, Innergex Holdings USA, Inc. ("Innergex Holdings") has foreign citizenship as one of its two corporate citizenships, diversity is incomplete.

Innergex Holdings <u>is</u> a foreign citizen because its principal place of business is Canada. Specifically, Innergex Holdings, as its name implies, is a holding company. "And in deciding the principal place of business of a holding company, courts have focused on where the holding company decides how to manage its assets, which is usually where the board of directors meet." *Nation v. Atlas Technologies, LLC*, 2019 U.S. Dist. LEXIS 66934, at * 9 (E.D. Mich. 2019); *Praetorian Ins. Co. v. First Class Group, Inc.*, 2017 U.S. Dist. LEXIS 75672, at * 9-10 (N.D. Ill. 2017) ("courts have located the nerve center of a holding company by looking to the location in which its officers or directors meet to make high-level management decisions – not simply where corporate books [and] records are located."); *Cent. W. Va. Energy Co. v. Mt. State Carbon, Ltd. Liab. Co.*, 636 F.3d 101, 107 (4th Cir. 2011) (nerve center is where high-level officers work, make significant corporate decisions, and set corporate policy, regardless if the building is owned by the parent company).

The documents currently available identify Hillcrest Solar / Innergex Holdings' principal place of business as Canada.  For example, Hillcrest Solar's Notice of Commencement for the project, in which it was required by Ohio statute to identify its address, identified Canada. Exhibit 1, Hillcrest Solar Notice of Commencement excerpt. Hillcrest Solar's recorded mortgage filing for the project states Hillcrest Solar and its parent companies' "place of business" is Canada. Exhibit 2, Hillcrest Solar mortgage filing excerpt.  Both the Notice of Commencement and mortgage filing were notarized in Canada, further suggesting the officers and management of assets occurs in Canada.

Additionally, the securities filings arising from the project have been made to Canadian regulators and list Canadian addresses for operations. Exhibit 3, Innergex securities filing.  Hillcrest Solar's submissions to the Ohio Power Siting Board for the project similarly list Canadian addresses for operations. Exhibit 4, Hillcrest Solar submission letter excerpt.

Press releases from Hillcrest Solar and its parent companies are also issued in Canada. Exhibit 5, Innergex press release excerpt.  Finally, Hillcrest Solar advertises the project through its indirect parent company Innergex Renewable Energy Inc., which has its headquarters for operations, officers, and directors located in Canada. Exhibit 6, Innergex website excerpts.

Innergex Holdings' principal place of business is by all appearances Canada.  As such, even if leave to amend were granted, it would be futile because complete diversity is lacking.  EPS's requested leave for the proposed Amended Notice of Removal should be denied.

Respectfully submitted,

*/s/ Nicholas W. Schwandner*

7

Nicholas W. Schwandner (0086471)
Trial Attorney
SCHWANDNER LAW FIRM LLC
119 E. Court St., Suite 504
Cincinnati, OH 45202
T: 513-429-4099
F: 513-772-7904
ns@schwanlawfirm.com

*Counsel for Plaintiff*
*Deltro Electric, Ltd.*

## CERTIFICATE OF SERVICE

I certify that a copy was filed electronically, on June 29, 2021, via the Court's

CM/ECF system, which will serve notification upon:

Stephen Intihar
Alexandra Parriman
Bricker & Eckler LLP
100 South Third St.
Columbus, OH 43215
*Counsel for Defendant*
*CIT Bank, NA*

Heather M. Hawkins
Anna M. Greve
Taft Stettinius & Hollister LLP
425 Walnut St., Ste. 1800
Cincinnati, OH 45202
*Counsel for Defendant*
*Hillcrest Solar I, LLC*

Theresa L. Nelson
Graydon Head & Ritchey LLP
312 Walnut St., Ste. 1800
Cincinnati, OH 45202
*Counsel for Defendant*
*Electric Power Systems International, Inc.*

*/s/ Nicholas W. Schwandner*
Nicholas W. Schwandner

8