# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**DELTRO ELECTRIC LTD.,**

    **Plaintiff,**

  v.

**ELECTRIC POWER SYSTEMS INTERNATIONAL, INC., et al.,**

    **Defendants.**

Case No. 1:21-cv-303
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause is before the Court on Plaintiff Deltro Electric Ltd.'s ("Deltro") Motion to Remand (the "Motion") (Doc. 16), following Defendant Electric Power Systems International, Inc.'s ("EPS") removal of this action from state court on April 30, 2021 (Doc. 1). For the reasons below, the Court **DENIES** Deltro's Motion. (Doc. 16). The Court also **DENIES AS MOOT** EPS's Motion to Amend/Correct Notice of Removal (Doc. 20).

## BACKGROUND

This case began in an Ohio state court when Deltro filed a complaint against EPS on April 6, 2021. (Compl., Doc. 4, #25). EPS removed to this Court, and Deltro now moves to remand.

Deltro's Complaint alleges that EPS breached its obligations to Deltro under a contract regarding the construction of a power plant in Mt. Orab, Ohio. (*Id.* at #23). Most relevant here, Deltro alleges that EPS filed "a grossly overstated, exaggerated, and invalid mechanic's lien" on property associated with the project. (Doc. 4, ¶ 65(d),

#28). EPS is a subcontractor to Deltro, which is in turn a subcontractor to another company (called PCL Construction Services), which acted as the general contractor on the construction project. (*Id.* at #22). Deltro also sued Hillcrest Solar, LLC ("Hillcrest"), which is both the lessee for the site at which the construction will occur and the party who contracted for the construction of the power plant, along with CIT Bank, N.A. ("CIT Bank"), which acted as the mortgage lender for the project. (*Id.*). Hillcrest was served with the Complaint and state court Summons on April 12, 2021. (Mot. to Remand, Ex. 5, Hillcrest USPS Delivery, Doc. 16-5, #217). Deltro included Hillcrest in its Complaint as a defendant pursuant to an Ohio statutory requirement for declaratory relief affecting property. *See* Ohio Rev. Code § 2721.12(A) ("when declaratory relief is sought …, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding").

On April 30, 2021, EPS removed this action to federal court. (Doc. 1). EPS stated that this action falls within the federal diversity jurisdiction because Deltro is a resident of Ontario, Canada, while each defendant is a citizen of a U.S. state other than Ohio. (*Id.* at #2). Specifically, EPS says that it is a corporation incorporated in Missouri, Hillcrest is an LLC formed in Delaware, and CIT Bank is a "National Association" organized in Utah. (*Id.*). However, Deltro no longer disputes that Hillcrest's citizenship as an LLC is defined not by its place of formation, but rather by the citizenship of its members. There also appears to be no dispute among the parties that the relevant member of Hillcrest for the citizenship determination here is a corporation named Innergex Holdings USA, Inc. ("Innergex"), which has a

2

principal place of business in Quebec, Canada. As discussed below, that means that Hillcrest's presence in this action would destroy complete diversity if Hillcrest's citizenship is attributed to the defendants for diversity purposes.

On the same day that the removal occurred, the general contractor on the construction project "bonded off" EPS's mechanic's lien on the property. What that means is that the general contractor essentially substituted a surety bond (naming EPS as the protected party) in place of the lien on Hillcrest's interests in the property at issue. (EPS Answer, Ex. D, Order from Brown Cnty. Ct. of Common Pleas Bonding Off Lien, Doc. 14-4, #191–2; Ex. E, Recorded Order (same), Doc. 14-5, #193–4). The general contractor did so pursuant to a requirement in the master contract between Hillcrest and the general contractor requiring the general contractor to bond off any mechanic's liens asserted against the property in connection with the project. There is no indication that the bonding company has any recourse against Hillcrest.

On May 26, 2021, Deltro filed a motion, to which CIT Bank consented, to drop CIT Bank from this action without prejudice pursuant to Federal Rule of Civil Procedure 21. (Consent Mot. to Dismiss CIT Bank, Doc. 15). The Court granted that motion on October 5, 2021. (*See* 10/5/21 Notation Order). So the only remaining Defendants in this action are EPS and Hillcrest.

On May 27, 2021, Deltro moved to remand this action to state court. (Doc. 16). Deltro argues that removal was inappropriate for three reasons. First, EPS failed to show that all Defendants had consented to removal. (*Id.* at #206). Second, EPS failed to show that Hillcrest was not a resident of the forum state (Ohio) as required for

3

removal jurisdiction. (*Id.* at #207). Third, and most relevant now, EPS failed to show that Hillcrest's citizenship would not destroy complete diversity between Deltro and Defendants. (*Id.* at #208). Deltro also sought attorneys' fees. (*Id.* at #209).

EPS opposed Deltro's motion. (*See* Doc. 19). EPS argues that Hillcrest is only a nominal party against whom Deltro seeks no relief, present in this suit solely to satisfy Ohio's statutory requirement. (*Id.* at #226–27). For that reason, EPS argues, none of Deltro's arguments support remand to state court. Specifically, Hillcrest's consent is not required for removal (*id.* at #229), and Hillcrest's citizenship is not relevant for purposes of either the forum-state defendant rule or complete diversity, (*id.* at #231, 232).

On the same day it filed its opposition, EPS also filed a Motion to Amend its Notice of Removal in the event that the Court determined that Hillcrest was not a nominal party. (Doc. 20). EPS attached correspondence between its counsel and counsel for Hillcrest in which Hillcrest's lawyer states that (1) Hillcrest consented to removal by telephone on or around April 26, 2021, and (2) Hillcrest's member and sub-members, "ending with Innergex Holdings USA, Inc.," are all Delaware LLCs or corporations with no overlapping state of organization with either Missouri or Utah.[1] (Mot. to Amend Notice of Remand, Ex. 2, Nelson Decl., Doc. 20-2, #246–48). But again, as noted above, because Innergex is a citizen of Canada, there is presently no serious dispute that such amendment or correction would fail to cure the lack of complete

---

[1] The Court notes that Hillcrest's counsel may have inadvertently compared Hillcrest's citizenship to that of the other *defendants* in this action rather than to Plaintiff Deltro's citizenship, which is of course the citizenship that would typically matter for diversity purposes.

4

diversity if Hillcrest were considered as a real party defendant rather than a nominal party.

Deltro replied in support of its Motion on June 29, 2021. (Doc. 21). Deltro argues that Hillcrest is not a nominal party because EPS and Deltro have both pursued liens on property in which Hillcrest has an interest and because Hillcrest's presence in this suit was required under Ohio law. (*Id.* at #250). Thus, Deltro reiterates, EPS's removal was still improper because its Notice of Removal did not indicate Hillcrest's consent or demonstrate that Hillcrest's citizenship would not run afoul of the forum-defendant rule or destroy complete diversity. (*Id.* at #251–54). Deltro also responded in opposition (Doc. 22) against EPS's Motion to Amend (Doc. 20). EPS replied in support (Doc. 23) of its Motion to Amend (Doc. 20) on July 13, 2021. The Court heard further argument from the parties on the Motion by telephone on October 26, 2021. The matter is now fully briefed and ready for the Court's review.

## LEGAL STANDARD

When all defendants agree to remove an action from state court to federal court, the federal court has jurisdiction only if it would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Here, EPS claims this matter falls within the Court's original jurisdiction under 28 U.S.C. § 1332(a). For that to be true, two conditions must be met: (1) the parties must be sufficiently diverse; and (2) the amount in controversy must exceed $75,000. *Id.* Additionally, removal to federal court is unavailable if any defendant is a resident of the forum state. *See* 28 U.S.C. § 1441(b)(2); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). There is an

exception to the consent, citizenship, and in-forum defendant requirements, however, for nominal parties that have no interest in the result of the litigation. *Maiden v. North American Stainless, L.P.*, 125 F. App'x 1, 3 (6th Cir. 2004); *Rasawehr v. Belcher*, No. 3:20-CV-00073, 2020 WL 5814557, at *3 (N.D. Ohio Sept. 30, 2020). A nominal party is one to whom it is of "no moment … which side succeeds in the controversy." *Manley v. Foundations Plus, Ltd.*, No. 2:15-CV-1786, 2016 WL 5219569, at *5 (S.D. Ohio Sept. 20, 2016). Removal jurisdiction is assessed based on the facts as they existed at the time of removal, *see Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004), but complete diversity is also required at the time the original action was filed in state court, *see Smith v. Hilliard*, 578 F. App'x 556, 561 (6th Cir. 2014) (citing *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). When jurisdiction upon removal is uncertain, federal courts must construe the removal statutes strictly, resolving all doubts in favor of remand. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

## LAW AND ANALYSIS

As noted, parties asserting federal diversity jurisdiction must generally make two showings: (1) that the parties are completely diverse; and (2) that the case meets the jurisdictional threshold—above $75,000. There is no dispute that the amount in controversy requirement is met. It also is not seriously disputed, however, that the parties here would fail to satisfy the complete diversity requirement if Hillcrest is a defendant whose citizenship counts for diversity purposes. Deltro and Hillcrest are both citizens of a foreign country (Canada). Thus, if Hillcrest's citizenship counts for

6

jurisdictional purposes, there is no complete diversity because: (1) "the presence of foreign parties on both sides of the dispute destroys the complete diversity required by § 1332(a)(2)," and (2) § 1332(a)(3) is also unavailable because Deltro, the sole plaintiff, is not a citizen of a U.S. state. *U.S. Motors v. General Motors Europe*, 551 F.3d 420, 424 (6th Cir. 2008) (citing *Peninsula Asset Management (Cayman) Ltd. v. Hankook Tire Co.*, 509 F.3d 271, 271–72 (6th Cir. 2007)).

EPS claims that a different result attains here, however, because of a settled exception to the rule requiring complete diversity. Specifically, EPS argues that Hillcrest is a nominal party to this action, such that Hillcrest's citizenship does not count for jurisdictional purposes.[2]

Unlike real parties in interest, formal or nominal parties have "no stake in the outcome of the case." *Baiul-Farina v. Lemire*, 804 F. App'x 533, 537 (9th Cir. 2020) (quoting *Strotek Corp. v. Air Transp. Ass'n of America*, 300 F.3d 1129, 1133 (9th Cir. 2002) and citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)); *compare Amerisure Ins. Co. v. Orange & Blue Const., Inc.*, 545 F. App'x 851, 854 (11th Cir. 2013) (party nominal because it "had no real stake or control over this litigation"). Importantly, the mere fact that a plaintiff *could* assert claims for relief against a defendant does not make that defendant a real party in interest rather than a nominal defendant. Rather, the question is whether the plaintiff is in fact pursuing those claims in the litigation at issue. *See Mortenson Fam. Dental Ctr., Inc. v. Heartland Dental Care, Inc.*, 526 F. App'x 506, 508 (6th Cir. 2013) ("Whether the LLC

---

[2] If Hillcrest is a nominal party, then its consent also was not required for removal. *Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 972 n.4 (S.D. Ohio 2003).

7

could assert certain rights against its members, however, makes no difference here. What matters is that the LLC is not doing so in this case.").

Here, EPS claims that Hillcrest was named solely pursuant to an Ohio statutory requirement (Ohio law governs the claims in this case) that, in a declaratory judgment action involving real property, the plaintiff must name all parties having an interest in the property. *See* Ohio Rev. Code § 2721.12(A). In *American Land Investments, Ltd. v. Allstate Ins. Co.*, a court in this district already has considered the status of a defendant named pursuant to that statute for diversity purposes. *American Land Investments*, 3:16-cv-00489, 2017 WL 2927318, at *2 (S.D. Ohio July 10, 2017). There, a residential real estate company sued an insurance company for payment on a policy after vandalism of several units in one of the plaintiff's properties. *Id.* at *1–2. In addition to the insurance company, the suit also named a mortgagee listed in the insurance policy pursuant to Ohio's statutory requirement because the suit sought a declaration as to how payment should be disbursed to both the plaintiff real estate company and the mortgagee. *Id.* at *2. The court determined that the mortgagee was not a real party in interest because, under the policy, the mortgagee had no rights or responsibilities that arose from the relationship between the plaintiff and the insurance company and because it was not entitled to enforce the rights asserted between the plaintiff and the insurance company. *Id.* at *3.

Here, the Court likewise agrees with EPS that Hillcrest is only a nominal party to the present suit. Deltro seeks no relief against Hillcrest, and Hillcrest's Answer (Doc. 9) to Deltro's Complaint (Doc. 4) also asserts no claims against Deltro. Deltro

does not argue that Hillcrest has any pertinent rights or responsibilities attendant on the relationship between Deltro and EPS, nor does Deltro argue that Hillcrest is entitled to enforce the contractual rights that Deltro asserts against EPS. Because Deltro seeks no relief against Hillcrest, and because Hillcrest has no real interest in the outcome of this suit, Hillcrest is only a nominal party to this suit whose consent is not required for removal and whose citizenship is not determinative of the presence of complete diversity or applicability of the in-forum defendant rule.

Denying that Hillcrest is a nominal party, Deltro argues that Deltro is seeking to invalidate through this action EPS's lien on the property. According to Deltro, doing so would directly implicate Hillcrest's interests in that same property (by removing an encumbrance), thereby giving Hillcrest a real interest in this suit. (Reply in Supp. of Mot. to Remand, Doc. 21, #250). But beyond reciting the amount of the lien, Deltro does not explain how the existence of that lien, or Deltro's efforts in this suit to invalidate it, gives Hillcrest a real interest in the dispute between Deltro and EPS.

In the Court's view, Deltro's attempt to rely on the lien here is problematic both on the facts and on the law. Start with the facts. At the time of the removal, the general contractor had replaced the lien with a bond that apparently does not include recourse against Hillcrest, thereby obviating any interest that Hillcrest otherwise might have had. But more importantly, on the legal front, in this action Deltro is seeking to invalidate EPS's lien on property in which Hillcrest has an interest. Measured from Hillcrest's perspective, that result, if anything, represents a *benefit*,

9

not a harm. Thus, even if the Court were to assume that Hillcrest has some interest that may be affected by the outcome of this suit (which, to be clear, Deltro has not established), the Court concludes that, as a legal matter, the appropriate course would be to treat Hillcrest as a plaintiff, rather than a defendant, for purposes of assessing diversity. *See American Land Investments*, 2017 WL 2927318, at *5 (courts determining whether complete diversity exists need not accept plaintiff's alignment of parties) (citing *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941), and *Grand Cnty. Deposit Bank v. McCampbell*, 194 F.2d 469, 471–72 (6th Cir. 1952)). And if Deltro and Hillcrest are treated as co-plaintiffs for jurisdiction purposes, complete diversity is satisfied.

Separately, Deltro argues that, because an Ohio statutory provision required Deltro to join Hillcrest, Hillcrest is a necessary party, and thus cannot be a "nominal party." But, even if Ohio Rev. Code § 2721.12(A) requires Hillcrest's joinder in this action, an issue the Court does not reach, the Court rejects the argument that any party whose joinder is mandated by a state statute necessarily "counts" for diversity purposes. Long settled case law suggests just the opposite—that parties named only to satisfy state pleading rules typically are treated as nominal parties whose citizenship does not count in the complete diversity analysis. *See McNutt, for Use of Leggett v. Bland*, 43 U.S. 9, 14 (1844) (cited in *Lincoln*, 546 U.S. at 92 (2005)); *compare Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (citizenship of party "merely joined to perform the ministerial act of conveying the title if adjudged to the complainant" should be disregarded) (quoting *Walden v.*

10

*Skinner*, 101 U.S. 577, 588–89 (1879)). Here, Hillcrest by all indications was named as a party solely to satisfy the pleading requirements of Ohio's declaratory judgment statute. Therefore, Hillcrest is presumptively a nominal defendant whose citizenship and consent should not be considered in determining whether there is federal removal jurisdiction. Deltro has offered nothing that overcomes that presumption here.

Finally, Deltro argues that Deltro may have claims against Hillcrest, including a claim for enforcement of a lien that it might reassert against Hillcrest in the future, as well as an unjust enrichment claim. (Reply in Supp. of Mot. to Remand, Doc. 21, #250). But even assuming this is so, the mere fact that a plaintiff *could* pursue claims against a defendant does not affect the analysis of that defendant's status as a real or nominal party. Rather, what matters is whether the plaintiff is in fact pursuing those claims in the action at issue. *Mortenson*, 526 F. App'x at 508. Here, Deltro did not pursue any claims for relief against Hillcrest in its Complaint, nor did it present any factual allegations that would support such claims. (Doc. 4). If Deltro wishes to avoid federal jurisdiction based on Hillcrest's alleged liability to Deltro in connection with this dispute, then Deltro would at least need to seek and receive leave of this Court to amend its Complaint to add whichever causes of action against Hillcrest Deltro might wish to pursue. At this time, the Court expresses no opinion on whether that would be appropriate, or whether such post-removal conduct would change the jurisdictional analysis. *Cf.* 28 U.S.C. § 1447(e) (joinder of non-diverse party, if permitted, requires remand). For present purposes it is enough to say that the case

11

currently includes no such claims, and that is the final nail in the coffin on Deltro's argument that Hillcrest destroys complete diversity.

Because Hillcrest is a nominal party (or even if it is instead properly treated as a re-aligned co-plaintiff for diversity purposes), two results follow. First, its consent is not required for removal. Second, its citizenship is not considered, at least not on the defendant's side of the "v.", for purposes of complete diversity or the in-forum defendant rule. Therefore, because Deltro (which is a foreign entity) is completely diverse from EPS (which is a citizen of Missouri), federal jurisdiction is proper, and there was no defect in EPS's original Notice of Removal (Doc. 1).[3] And, because the Court denies Deltro's Motion to Remand (Doc. 16), the Court also finds that there was an objectively reasonable basis for removal and thus denies Deltro's request for attorneys' fees. (*Id.* at #210).

## CONCLUSION

Accordingly, the Court **DENIES** Deltro's Motion to Remand (Doc. 16). Because the Court finds no defect in EPS's Notice of Removal (Doc. 1), the Court also **DENIES AS MOOT** EPS's Motion to Amend/Correct Notice of Removal (Doc. 20).

**SO ORDERED.**

October 29, 2021
**DATE**                                                **DOUGLAS R. COLE**
                                                        **UNITED STATES DISTRICT JUDGE**

---

[3] As noted, to the extent that Hillcrest is instead treated as a re-aligned plaintiff for diversity purposes, the same result holds, as both Deltro and Hillcrest are foreign entities, and EPS is a citizen of Missouri.