# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **DELTRO ELECTRIC LTD.**<br><br>    **Plaintiff**<br><br>v.<br><br>**ELECTRIC POWER SYSTEMS INTERNATIONAL, INC., et al.**<br><br>    **Defendants** | **Case No. 1:21-cv-00303**<br><br>**Judge Douglas R. Cole**<br><br>**Magistrate Judge Karen L. Litkovitz** |

## PLAINTIFF DELTRO ELECTRIC LTD.'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff Deltro Electric Ltd. ("**Deltro**"), pursuant to Rule 15(a)(2), moves the Court for leave to amend its Complaint.

1.  Deltro's current and originally state court complaint, before this action was removed, sought among other things a declaration that the lien filed by Deltro's subcontractor, Electric Power Systems International, Inc. ("EPS"), was invalid. Deltro initiated the legal proceedings because EPS was Deltro's subcontractor, EPS's lien resulted in stopped payment to Deltro that caused damages to Deltro, and EPS's lien prevented Deltro's orderly administration of the project causing damages to Deltro.

2.  Deltro seeks leave to amend its Complaint in order to add the newly necessary parties PCL Construction Services, Inc. ("PCL"), Fidelity and Deposit Company of Maryland ("FDCM"), Travelers Casualty and Surety Company of America ("Travelers"), and Federal Insurance Company ("FIC").

3. After Deltro filed its state court complaint EPS's lien was bonded off. PCL is the principal on the bond and FDCM, Travelers, and FIC are the sureties on the bond. Deltro seeks to add PCL, FDCM, Travelers, and FIC due to their interest in the bond that is now implicated by Deltro's declaratory judgment claim.

4. Deltro continues to seek a declaration that EPS's lien is invalid after the bonding of the lien. Deltro seeks the declaration for the reasons set forth in paragraph 1 as well as for the fact that currently Deltro is obligated to indemnify PCL for the bond premiums to maintain the bond for EPS's lien and to indemnify PCL for liability that the bond may incur. Thus Deltro has an ongoing liability directly arising from the bond that can be remedied through a declaration that EPS's lien is invalid.

5. Deltro also seeks to add a count for declaratory judgment pursuant to federal law. Before being removed from state court, Deltro asserted a count under Ohio's declaratory judgment statute. In this diversity action, Deltro should now be granted leave to add the analogous federal law claim.

6. Under Rule 15, the Court "should freely give leave [to amend] when justice requires."

7. Justice requires that Deltro be permitted to amend its Complaint in order to add the necessary parties to the action and add a count for declaratory judgment under federal law.

8. EPS will not suffer prejudice from the proposed amendments.

9. Deltro's proposed First Amended Complaint is attached to this motion as Exhibit 1.

10. A proposed order is attached.

WHEREFORE, Deltro requests leave to file its First Amended Complaint.

Respectfully submitted,

*/s/ Nicholas W. Schwandner*
Nicholas W. Schwandner (0086471)
SCHWANDNER LAW FIRM LLC
119 E. Court St., Suite 504
Cincinnati, OH 45202
(513) 429-4099
(513) 772-7904
ns@schwanlawfirm.com

*Trial attorney for Plaintiff, Deltro Electric Ltd.*

## PROOF OF SERVICE

I certify that a copy was filed electronically on February 22, 2022, via the Court's CM/ECF system, which will serve notification upon:

Theresa L. Nelson
Daniel J. Knecht
John B. Pinney
Graydon Head & Ritchey LLP
312 Walnut St., Ste. 1800
Cincinnati, OH 45202
tnelson@graydon.law
dknecht@graydon.law
jpinney@graydon.law

*Counsel for Defendant,*
*Electric Power Systems International, Inc.*

*/s/ Nicholas W. Schwandner*
Nicholas W. Schwandner

3