UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **DELTRO ELECTRIC LTD.**<br><br>        **Plaintiff**<br><br>v.<br><br>**ELECTRIC POWER SYSTEMS INTERNATIONAL, INC., et al.**<br><br>        **Defendants** | **Case No. 1:21-cv-00303**<br><br>**Judge Douglas R. Cole**<br><br>**Magistrate Judge Karen L. Litkovitz** |

**PLAINTIFF DELTRO ELECTRIC LTD.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT ELECTRIC POWER SYSTEMS INTERNATIONAL, INC.**

Plaintiff Deltro Electric Ltd. ("Deltro") submits this Motion for Partial Summary Judgment against Electric Power Systems International, Inc. ("EPS").  EPS was Deltro's subcontractor on the Hillcrest Solar Project in Brown County, Ohio.  Deltro seeks a declaratory judgment that the mechanic's lien EPS filed on the project is invalid.

In order to perfect a mechanic's lien, Ohio's mechanic's lien statute requires the subcontractor to serve a proper Notice of Furnishing at the beginning of its work and requires the subcontractor to record in the land records a proper Affidavit for Mechanic's Lien after its work.

EPS's Notice of Furnishing failed to properly identify the contractor it was performing its work for as required by O.R.C. 1311.05.  EPS's Affidavit for Mechanic's Lien failed to properly identify the project's lessee as required by O.R.C. 1311.06.  Each of these defects independently renders EPS's lien invalid as a matter of law.

Therefore, Deltro moves for partial summary judgment and asks the Court to enter a declaratory judgment that EPS's mechanic's lien is invalid as a matter of law. A memorandum in support is attached.

Respectfully submitted,

*/s/ Nicholas W. Schwandner*
Nicholas W. Schwandner (0086471)
SCHWANDNER LAW FIRM LLC
119 E. Court St., Suite 504
Cincinnati, OH 45202
T: (513) 429-4099
F: (513) 772-7904
ns@schwanlawfirm.com

*Counsel for Plaintiff*
*Deltro Electric, Ltd.*

**MEMORANDUM IN SUPPORT**

I.      **INTRODUCTION**

This dispute between Plaintiff Deltro Electric Ltd. ("Deltro") and its subcontractor Electric Power Systems International, Inc. ("EPS") arises from the Hillcrest Solar Project (the "Project"). The Project was construction of a solar electricity facility in Brown County, Ohio.

EPS filed an invalid mechanic's lien on the Project. EPS's invalid lien did and continues to cause a series of payment problems on the Project that are harming Deltro and its other subcontractors. The invalid lien is also preventing the orderly administration and performance of the Project. Count 1 of Deltro's First Amended Complaint seeks a judgment under the Ohio declaratory judgment statute that the lien is invalid. Count 2 seeks a judgment under the federal declaratory judgment statute that the lien is invalid.

Deltro is moving for partial summary judgment on the declaratory judgment claims because EPS's lien is invalid for two reasons: (1) EPS's Notice of Furnishing was defective, and (2) EPS's Affidavit for Mechanic's Lien was defective. Both grounds, whether applied independently or collectively, render EPS's lien invalid as a matter of law.

II.     **UNDISPUTED MATERIAL FACTS**

The Hillcrest Solar Project is construction of a solar electricity facility in Brown County, Ohio. The relevant contractual chain is:

**Hillcrest Solar I, LLC** ("Hillcrest Solar") – lessee who owns the property at issue.

↓
**PCL Construction Services, Inc.** ("PCL") – original contractor.

↓
**Deltro Electric Ltd.** ("Deltro") – subcontractor to PCL.

↓
**Electric Power Systems International, Inc.** ("EPS") – subcontractor to Deltro.

3

Exhibit 1, DelMastro Declaration.

The relevant events are that in accordance with Ohio's mechanic's lien statute, Hillcrest recorded a Notice of Commencement for the Project in the Brown County land records. Hillcrest's Notice of Commencement is attached as Exhibit 2. Sometime thereafter, EPS prepared and contends it served a Notice of Furnishing for the Project, a copy of which is attached as Exhibit 3. Then eventually EPS filed an Affidavit for Mechanics' Lien. EPS's Affidavit for Mechanics' Lien is attached as Exhibit 4.

The substance of EPS's Notice of Furnishing and Affidavit for Mechanic's Lien were defective. First, it is undisputed that EPS's Notice of Furnishing did not state the correct name for the entity to which it supplied or performed its work. EPS's Notice of Furnishing identified "**DELTRO Electric Ltd, Wood Operating Company, LLC**" as the party. However, there is no entity by that name. In order to properly preserve its lien, EPS was required to identify the name of the company it was working for which was "**Deltro Electric, Ltd.**".[1]

Second, it is undisputed that EPS's Affidavit for Mechanic's Lien did not identify the correct lessee for the Project. EPS's Affidavit for Mechanics' Lien stated that the lessee is "**Hillcrest Solar 1, LLC**". However, there is no entity by that name. The correct entity name that EPS was required to identify was "**Hillcrest Solar I, LLC**". Further, there is no dispute that EPS knew the lessee's name before it filed its Affidavit for Mechanic's Lien. The legal description of the property that EPS attached to its Affidavit for Mechanic's Lien came from the Notice of Commencement, which correctly stated the lessee's name and told

---

[1] Wood Operating Company, LLC is a different company registered with the Ohio Secretary of State that as far as Deltro knows is unrelated to the Project. Exhibit 5, Articles of Organization for Wood Operating Company, LLC.

4

EPS the proper lessee's name before EPS prepared and filed its Affidavit for Mechanic's Lien.

### III. APPLICABLE LEGAL STANDARDS

#### A. Declaratory judgment procedure.

The Civil Rules govern declaratory judgment actions. Fed. R. Civ. P. 57. "The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action." *Id.* "The essence of declaratory relief is to dispose of uncertain or disputed obligations quickly and conclusively." *Rose v. Primal Ability, Ltd.*, 2014-Ohio-3610 (Ohio App. 2014).

#### B. Summary judgment standard.

Summary judgment is proper where there is no genuine dispute as to the material facts and the movant is entitled to judgment as a matter of law. The party moving for summary judgment carries the initial burden of showing the absence of a genuine dispute of material fact; if it satisfies that burden, the nonmoving party must show specific facts that reveal a genuine issue for trial. *Marshall v. Rawlings Co. LLC*, 854 F.3d 368, 381 (6th Cir. 2017).

#### C. Summary judgment is procedurally favored in the appropriate case.

"[S]ummary judgment has proven its usefulness as a means of avoiding full-dress trial in unwinnable cases, thereby freeing courts to utilize scarce judicial resources in more beneficial ways." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the [] Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986).

**D. All of the statutory requirements for perfecting a mechanic's lien are strictly construed. Failure to comply renders a lien invalid as a matter of law.**

The Ohio Supreme Court has repeatedly emphasized that, "Mechanics' lien statutes create rights in derogation of the common law and should therefore be strictly construed as to question whether a lien attaches." *Crock Constr. Co. v. Stanley Miller Constr. Co.*, 66 Ohio St.3d 588, 1993-Ohio-212, 613 N.E.2d 1027 (1993) (citing *C.C. Constance & sons v. Lay*, 122 Ohio St. 468, 469, 172 N.E. 283, 283 (1930) ("The statutory steps to establish a mechanic's lien must be followed, and in that respect the law is strictly construed and applied.")). Failure to strictly satisfy the statutory requirements precludes relief as a matter of law. *Id.*

**E. The specific Notice of Furnishing statutory requirements are mandatory and failure to satisfy them renders a lien invalid as a matter of law.**

The statutory requirements for the contents of a notice of furnishing are contained at R.C. 1311.05. "R.C. 1311.05(A) places a mandatory duty upon subcontractors and material suppliers to serve a notice of furnishing in order to preserve lien rights." *Linworth Lumber Co. v. Z.L.H., Ltd.*, 2003-Ohio-7322 (5th Dist. 2003). A defective notice of furnishing fails to preserve a mechanic's lien right and renders a lien invalid as a matter of law. *See Halsey, Inc. v. Isbel*, 2010-Ohio-2052, ¶ 14 (12th Dist. 2010).

**F. The specific Affidavit for Mechanic's Lien statutory requirements are mandatory and failure to satisfy them renders a lien invalid as a matter of law.**

The statutory requirements for the contents of an affidavit for mechanics' lien are contained at R.C. 1311.06. "[B]ecause R.C. 1311.06(A) addresses the procedure for creating a valid mechanic's lien, [the lien claimant's] failure to set forth the correct owner's name in its Affidavit for Mechanic's Lien preclude[s] the creation of a valid lien…." *Hoppes Builders & Dev. Co. v. Hurren Builders*, 118 Ohio App.3d 210, 692 N.E.2d 622 (2nd Dist. 1996).

6

"Strict application of R.C. 1311.06 requires the correct name of the owner of the property."

*Id.*

### G. Under Ohio law, liens require correct spelling of the owner's name. Incorrectly spelled or similar sounding names are defective as a matter of law.

In *Natl. Packaging Corp. v. Belmont*, 47 Ohio App.3d 86, 547 N.E.2d 373 (1st Dist. 1988), the First District Court of Appeals was tasked with determining whether a judgment lien that contained a close and similar sounding, yet misspelled, name was invalid as a matter of law. The lien stated it was upon the real property of judgment debtor "Bolen" when his surname was actually "Bolan". The name sounded completely similar. Further, it was only off by one letter.

> The court reasoned that to allow even minor misspelling is simply unworkable:
>
> we have experienced a tremendous growth in the population and the economy, and those developments have spawned countless real estate sales and a volume of litigation resulting in an abundance of indexed judgment liens. In modern society we cannot overlook matters of form….To…[allow the misspelling]…would tax all land abstractors beyond reasonable limits and require them to be poets, phonetic linguists, or multilingual specialists. The additional time necessary to examine name indexes…would make the examinations financially prohibitive….[To allow the misspelling] would leave a real estate purchaser with a lingering fear that misspelled lienholders, either negligently or deliberately, might be lurking…in the [] indexes….Unlike many states…Ohio's indexes merely require a name.

*Id.* Therefore, the appellate court affirmed the trial court's ruling that the lien was invalid as a matter of law due to the misspelling, even when it was off by only one letter.

### H. A mechanic's lien may be declared invalid through summary judgment for a declaratory judgment.

Courts have not hesitated to utilize summary judgment on a declaratory judgment cause of action to invalidate mechanic's liens. *See, e.g., Silberhorn v. Flemco, LLC*, 2020-Ohio-913 (8th Dist. 2020) ("We therefore affirm the grant of summary judgment in favor of Silberhorn on her claim for declaratory judgment…declaring that the mechanic's lien is

7

invalid and defective…and null and void. As a matter of law reasonable minds can come to but one conclusion and that conclusion is adverse to Flemco.").

IV. **ARGUMENT**

In this case, the facts cannot be subject to a genuine dispute because the contents of the two documents at issue are certain.

The application of the law is clear because the case law dictates that if either of the two documents at issue are defective, the lien is invalid as a matter of law.

**A. EPS's Notice of Furnishing was defective, which failed to preserve EPS's lien rights, and renders its lien invalid.**

R.C. 1311.05(A) requires that "a subcontractor…who wishes to preserve the subcontractor's…lien rights shall serve a notice of furnishing, if any person has recorded a notice of commencement." Hillcrest did record a Notice of Commencement. Therefore, EPS was required to provide a compliant notice of furnishing to preserve its lien rights.

R.C. 1311.05(B) requires that the notice of furnishing state the "name" of the "other contracting party" that the claimant "is performing certain labor or work or furnishing certain materials to." EPS was a subcontractor to Deltro. Therefore, EPS was required to state in its Notice of Furnishing, "Deltro Electric Ltd.". EPS did not. Rather, EPS stated, "DELTRO Electric Ltd., Wood Operating Company, LLC". EPS's statement was incorrect and EPS identified an incorrect name for the company it was working on the project for. The error cannot be overlooked because the statute is strictly applied.

EPS's Notice of Furnishing was defective by failing to identify the entity it performed work for. EPS did not satisfy its mandatory statutory requirement to provide a proper notice of furnishing. As a result, EPS's lien is invalid as a matter of law. *Linworth Lumber Co. v. Z.L.H., Ltd.*, 2003-Ohio-7322 (5th Dist. 2003); *Halsey, Inc. v. Isbel*, 2010-Ohio-2052, ¶ 14 (12th Dist. 2010).

8

**B. EPS's Affidavit for Mechanic's Lien was also defective, which failed to perfect EPS's lien, and renders its lien invalid.**

R.C. 1311.06(A) requires that "[a]ny person…who wishes to avail self of [a mechanic's lien], shall make and file for record…an affidavit showing…the name of the owner, part owner, or lessee, if known…."

EPS knew the name of the lessee from the Notice of Commencement it possessed before filing the lien. Therefore, to assert and perfect its lien rights, EPS was required to provide a compliant affidavit for mechanics' lien that stated the name of the lessee. EPS did not. Rather, EPS stated, "Hillcrest Solar 1, LLC" instead of "Hillcrest Solar I, LLC". This error cannot be overlooked because the statute is strictly applied. EPS used a numeral "1" in place of a capital letter "I" which is an incorrect spelling of the lessee owner's name.

The Ohio land records are indexed by name. Misspelling the name, even if the sound is the same, is insufficient because it creates an unworkable search obligation for those reviewing the land records to divine and search for every possible close permutation of a given name. For example, if the lien remains valid where just one letter is switched for a numeral like EPS did, then under that principle the other "i" in Hillcrest could be switched with a numeral. By that example, a person searching the land records for a title search or other purposes would also have to search for H1llcrest Solar I, LLC. That name similarly switches between a numeral one and letter "I". It would create an unworkable burden for those reviewing land records to divine that permutation along with others and conduct searches under other similar, yet erroneously spelled, names.[2]

---

[2] Near infinite combinations of just one letter change would also have to be searched such as Jillcrest Solar I, LLC; Hallcrest Solar I, LLC; Hillcrest Solar Y, LLC; and Hillcrest Solar I, LLB; et cet.

There is a principled bright line rule for the Court to apply, namely that in an affidavit for mechanic's lien no misspelling of the owner name is allowed. Not only would that be a rational rule, and a rule that is workable for land records, but it would comply with the Ohio Supreme Court's long-standing dictate that perfection of a mechanic's lien is strictly applied. *C.C. Constance & sons v. Lay*, 122 Ohio St. 468, 469, 172 N.E. 283, 283 (1930) ("The statutory steps to establish a mechanic's lien must be followed, and in that respect the law is strictly construed and applied.").[3] It would also comply with *Natl. Packaging Corp. v. Belmont*, 47 Ohio App.3d 86, 547 N.E.2d 373 (1st Dist. 1988) that a misspelling renders a lien invalid.

EPS's Affidavit for Mechanic's Lien was defective. EPS did not satisfy its mandatory requirement to file a proper affidavit for mechanics' lien. As a result, EPS's lien is invalid as a matter of law for this second independent reason. *Hoppes Builders & Dev. Co. v. Hurren Builders*, 118 Ohio App.3d 210, 692 N.E.2d 622 (2nd Dist. 1996).

## V.     CONCLUSION

The Court has authority on summary judgment to enter a declaratory judgment ordering EPS's lien invalid. There is no genuine dispute on the contents of the two documents at issue. The law is similarly clear that the defects render the lien invalid as a matter of law. As such, the validity of the lien is capable of being adjudicated at this time.

Deltro requests that the Court enter a declaratory judgment finding that EPS's Notice of Furnishing was defective, that EPS's Affidavit for Mechanic's Lien was defective, and that – as a result of these defects – EPS's mechanic's lien is invalid as a matter of law.

---

[3] It is worth noting that the Ohio legislature considered the potential for errors in an affidavit for mechanic's lien. R.C. 1311.06(A) provides that "the omission or inaccuracy of any *address* in the affidavit does not affect its validity." (emphasis added). The legislature allowed for errors in addresses. It did not, however, include a provision allowing for errors in an owner's name.

Respectfully submitted,

*/s/ Nicholas W. Schwandner*
Nicholas W. Schwandner (0086471)
SCHWANDNER LAW FIRM LLC
119 E. Court St., Suite 504
Cincinnati, OH 45202
T: (513) 429-4099
F: (513) 772-7904
ns@schwanlawfirm.com

*Counsel for Plaintiff*
*Deltro Electric, Ltd.*

## CERTIFICATE OF SERVICE

I certify that a copy was filed electronically, on February 23, 2022, via the Court's

CM/ECF system, which will serve notification upon:

Theresa L. Nelson
Daniel J. Knecht
John B. Pinney
Graydon Head & Ritchey LLP
312 Walnut St., Ste. 1800
Cincinnati, OH 45202
tnelson@graydon.law
dknecht@graydon.law
jpinney@graydon.law

*Counsel for Defendant*
*Electric Power Systems International, Inc.*

*/s/ Nicholas W. Schwandner*
Nicholas W. Schwandner