**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **DELTRO ELECTRIC LTD.**<br><br>    **Plaintiff**<br><br>v.<br><br>**ELECTRIC POWER SYSTEMS INTERNATIONAL, INC., et al.**<br><br>    **Defendants** | **Case No. 1:21-cv-00303**<br><br>**Judge Douglas R. Cole**<br><br>**Magistrate Judge Karen L. Litkovitz** |

**PLAINTIFF DELTRO ELECTRIC LTD.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff Deltro Electric Ltd. submits this Reply in Support of its Motion to Amend Complaint (ECF No. 30).

**A. Deltro's amended complaint is procedurally acceptable.**

Deltro's current operative Complaint is its original state court Complaint before removal. After Deltro filed that Complaint, EPS's mechanics lien was bonded off [1] by the project's general contractor, PCL Construction Services, Inc. ("PCL"), and this case was removed to federal court.

The bonding of EPS's lien was a significant change to the dispute. The bonding of the lien changed who was implicated by these proceedings. PCL and its bond sureties' interests are now at stake in these proceedings (and Deltro now seeks to add them as parties accordingly). The interests of the project owner and mortgage lender are no longer implicated (and Deltro dismissed them). The bonding of the lien also changed the allocation of liabilities. The lien bond and Deltro's corresponding obligations to defend and indemnify

---

[1] (*See* ECF No. 14-4, Court of Common Pleas for Brown County, Ohio order approving surety bond and discharging lien).

PCL are now at issue.  The owner's real property was released.  As a result, Deltro's original Complaint, though entirely accurate at the time it was filed, no longer reflects the operative facts now before the Court and between the parties.  Some of the parties and facts in the original Complaint are no longer material and/or applicable.

Because of the change in the material facts and the parties implicated by these proceedings, it is appropriate to amend the Complaint to reflect the new operative facts.  For example, Deltro no longer needs to allege who the real property's mortgage lender is, so Deltro is amending to remove those allegations instead of needlessly maintaining them.  This will streamline the pleadings and ensure that only the pertinent facts and issues are before this Court.

Furthermore, EPS's assertions as to whether First Amended Complaint is an "amended pleading" or "supplemental pleading" is of no practical consequence.  Rule 15(d) for supplemental pleadings expressly provides that "[t]he court may permit supplementation even though the original pleading is defective in stating a claim or defense."  As recognized by the First Circuit:

> This sentence was added to the rule in 1963.  It was designed to combat the rigid and formalistic view that where the original complaint fails to state a claim upon which relief can be granted, leave to serve a supplemental complaint must be denied.
>
> The new language was designed to ensure that the amended rule would give the court broad discretion in allowing a supplemental pleading so that plaintiffs would no be needlessly remitted to the difficulties of commencing a new action even though events occurring after the commencement of the original action have made clear the right to relief.

*United States ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 5 (1st Cir. 2015).[2]

---

[2] The cases cited by EPS regarding ability to supplement on standing predate the rule change.

Deltro may assert the new allegations via a supplemental pleading per the Rules. The Court is empowered to recharacterize between amended and supplemental pleadings, regardless of how styled by the party. *Id*. at 7, n.3. Deltro should be granted leave to assert the new allegations one way or the other. However, the clarity offered by a single new amended pleading is in the interest of all parties and the Court.[3] Deltro requests that its new pleading be an amendment for clarity's and efficiency's sake. There is no prejudice to EPS from the pleading being by amendment.

### B. **Deltro has standing for its declaratory judgment claim so the amendment is not futile.**

Regarding standing, Deltro's pending First Amended Complaint alleges:

28. As a result of EPS's lien, PCL withheld payment from Deltro.

29. The resulting non-payment damaged Deltro directly by the non-receipt of payment is was owed by PCL.

30. The resulting non-payment further damaged Deltro by prohibiting Deltro from paying other subcontractors due to Deltro's lack of receipt of payment from PCL.

***

36. Deltro has contractual obligations to indemnify PCL for the bond premiums to maintain the bond and for liability that the bond may incur.

Deltro has pled, among other things, that it has a contractual duty to defend and indemnify PCL, including, for the ongoing annual bond premiums and for the liability that the bond may incur if it ever does.

Standing for a declaratory judgment under similar facts was found in *Potter v. Ables*, 610 N.E.2d 159 (Ill. App. 1993). In *Potter* the party seeking a declaratory judgment was the real property owner at the time the improvements were made, but it had transferred

---

[3] If to raise its new allegations Deltro must file in the supplemental pleading form instead, then Deltro requests leave to.

3

ownership to another before filing suit for a declaratory judgment to invalidate the lien. The court held that because the conveyance via warranty deed included a duty to defend, the party seeking the declaratory judgment had a sufficient interest to confer standing. Just as the plaintiff's duty to defend in *Potter* conferred standing to challenge the mechanic's lien by declaratory judgment, Deltro's duty to defend and indemnify PCL confers standing for Deltro to challenge EPS's mechanic's lien by declaratory judgment.

Additionally, in *John R. Hess, Inc. v. Brecksville Asphalt Paving Co.*, 1981 Ohio App. LEXIS 10521, 1981 WL 4597 (Ohio App. 1981) a subcontractor filed a mechanic's lien on the owner's real property. The general contractor identified defects in the lien and then sought and was subsequently granted a declaratory judgment that the lien was invalid. Although the opinion does not specifically address standing, its outcome shows that the Ohio courts did not see the general contractor's standing as an impediment.[4]

### C. Deltro provides the Court the contractual provisions demonstrating Deltro's standing.

Though this motion to amend the Complaint is based on pleading allegations presumed to be true, Deltro nevertheless submits its subcontract provision requiring it to defend and indemnify PCL, pay PCL the EPS lien bond premiums, and defend and indemnify PCL against lien and lien bond liability. *See* Exhibit 1, Declaration of David Del

---

[4] EPS's two cited cases regarding derivative liability not supporting standing are distinguishable and do not provide guidance. In EPS's cited *PNC Bank, Nat. Ass'n v. Goyette Mech. Co.* and *Mid-State Fertilizer v. Exch. Nat'l Bank*, the plaintiffs in both cases were asserting affirmative damages claims for recovery of money. There were no declaratory judgment claims and declaratory judgment standing was not at issue. Moreover, the theory for not allowing derivative standing on the damages claims was that "When the injury is derivative, recovery by the indirectly-injured person is a form of double counting." *Mid-State Fertilizer Co.*, 877 F.2d 1333, 1335 (7th Cir. 1989). The risk of double recovery of damages is not present in Deltro's declaratory judgment claim because it does not award money damages but rather ends further ongoing damages through a declaration of the lien being invalid.

4

Mastro, subcontract provision. The subcontract provision expressly includes the obligation to defend and indemnify for liens.

Deltro also submits the additional contractual obligation in its settlement agreement with PCL, which requires Deltro to defend and indemnify PCL for EPS's lien, including paying PCL's premiums for the EPS lien bond and indemnification for lien bond liability:

> **Deltro shall defend, indemnify and hold PCL, Hillcrest, and their sureties harmless against any and all future litigation filed by any Deltro sub-subcontractor or material provider attempting to foreclose against the approved surety bonds….**

*Id*. Exhibit 1, Declaration of David DelMastro, settlement agreement provision.

### D. Deltro further meets standing criteria to bring its declaratory judgment claim.

The elements under Ohio law for a declaratory judgment are (1) a real controversy between the parties, (2) a controversy which is justiciable in character, and (3) a situation where speedy relief is necessary to preserve the rights of the parties. *Buckeye Quality Care Ctrs., Inc. v. Fletcher*, 548 N.E.2d 973 (Ohio App. 1988). Here there is a real controversy between Deltro and EPS because EPS filed a mechanic's lien that is causing Deltro to incur defense and indemnification liability. The controversy is justiciable because the Court can determine whether EPS's lien is invalid, declare it invalid, and – as a result – terminate Deltro's defense and indemnification liability in part. The situation is proper for speedy relief because EPS's *invalid* lien causes Deltro to incur more liability the longer the lien exists. It simply cannot be said that Deltro does not have an interest in the outcome of this declaratory judgment action. If granted, the declaratory judgment would negate Deltro's ongoing liability to PCL with respect to the EPS lien.

Further if looking for (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct and (3) likely to be redressed by the requested relief, Deltro has

5

been and is incurring the injury of defense and indemnification costs/obligations to PCL. Deltro's injuries are fairly traceable because they arise directly from EPS maintaining the invalid mechanic's lien. Deltro's injuries will also be redressed by the requested relief because if the lien is declared invalid the declaration ends the lien and defense/indemnity obligations.

**E. A declaratory judgment claim must be available to Deltro in order for Deltro to end the defense and indemnification cost liability it is incurring to PCL.**

EPS is not actively enforcing its $2,171,921.55 mechanic's lien. PCL and the bond sureties are not actively challenging the lien. All the while, Deltro's liability for the ongoing bond premiums is increasing. Deltro has standing based on its own rights and obligations to challenge lien's validity so that Deltro can end its accumulating liabilities.

Respectfully submitted,

*/s/ Nicholas W. Schwandner*
Nicholas W. Schwandner (0086471)
SCHWANDNER LAW FIRM LLC
119 E. Court St., Suite 504
Cincinnati, OH 45202
T: (513) 429-4099
F: (513) 772-7904
ns@schwanlawfirm.com

*Counsel for Plaintiff*
*Deltro Electric, Ltd.*

## CERTIFICATE OF SERVICE

I certify that a copy was filed electronically, on March 25, 2022, via the Court's CM/ECF system, which will serve notification upon:

Theresa L. Nelson

Daniel J. Knecht
John B. Pinney
Graydon Head & Ritchey LLP
312 Walnut St., Ste. 1800
Cincinnati, OH 45202
tnelson@graydon.law
dknecht@graydon.law
jpinney@graydon.law

*Counsel for Defendant*
*Electric Power Systems International, Inc.*

                                                      */s/ Nicholas W. Schwandner*
                                                      Nicholas W. Schwandner