UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **DELTRO ELECTRIC LTD.**<br><br>  **Plaintiff**<br><br>v.<br><br>**ELECTRIC POWER SYSTEMS INTERNATIONAL, INC., et al.**<br><br>  **Defendants** | **Case No. 1:21-cv-00303**<br><br>**Judge Douglas R. Cole**<br><br>**Magistrate Judge Karen L. Litkovitz** |

**PLAINTIFF DELTRO ELECTRIC LTD.'S OPPOSITION TO DEFENDANT ELECTRIC POWER SYSTEMS INTERNATIONAL, INC.'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Defendant Electric Power Systems International, Inc.'s ("EPS") Motion for Partial Judgment on the Pleadings (ECF No. 35) should be denied. As discussed below, EPS's argument creates a trap with respect to the standard of pleadings for removed actions. Deltro Electric Ltd.'s ("Deltro") pleadings contain sufficient particulars to establish its standing in these proceedings. The case law supports Deltro's standing, and a declaratory judgment is a necessary, just, expedient, and appropriate mode of relief for Deltro.

### A. EPS's Pleading Standards Trap

Deltro filed its original Complaint – the Complaint at issue in EPS's Motion for Partial Judgment on the Pleadings – in Ohio state court before this case was removed. Importantly, Ohio remains a notice pleading state. A proper Complaint in the Ohio forum does not need facts pled with particularity. *Sultaana v. Horseshoe Casino*, 2015-Ohio-4083, ¶ 10, 2015 WL 5781097 (Ohio App. 2015) ("Because Ohio is a notice-pleading state, Ohio law ordinarily does not require a plaintiff 'to plead operative facts with particularity.'"). In fact, Ohio state courts considered and rejected a heightened pleading standard and declined

to adopt the *Twombly* and *Iqbal* principles. *Hendrickson v. Haven Place, Inc.*, 2014-Ohio-3726, ¶ 8 (Ohio App. 2014).

EPS now assails Deltro's original Complaint as lacking sufficient particularity under the heightened federal pleading standards including *Twombly* and *Iqbal*. EPS challenges the Complaint against standards that did not apply to it when it was filed.

It would be improper to take the significant step of entering judgment against a Complaint based on pleading standards that did not apply to the pleading when it was filed. It would be unjust for a plaintiff to file a Complaint that is <u>appropriate for the forum where it was filed in</u> only to then have the defendant unfairly benefit by removal to a different forum with different pleadings standards and rules, and then ask the court to render judgement on the standards and rules not applicable at the time the complaint was filed. Justice would necessitate the plaintiff being given an opportunity to amend its Complaint. This is particularly so because removal is out of the plaintiff's control and, such as in this case, the plaintiff may have no notice that the defendant intends to remove the action prior to the filing of the Complaint.

When Deltro filed its Complaint, the Complaint was appropriate for the Ohio state court forum it was being filed in. Under these removal circumstances, if the Court were to determine the Complaint or pending First Amended Complaint do not provide sufficient detail under the federal standards, Deltro must at least be given an opportunity to reformulate and redraft the pleading with the federal standards in mind. However, entering judgment though would be unfair and improper. Moreover, the Calendar Order provides that motions to amend pleadings can be brought until May 6, 2022. For the above reasons EPS's motion for judgment on the pleadings should be denied.

> **B. Deltro pled standing with sufficient particularity and the Court should consider Deltro's pending First Amended Complaint rather than the original Complaint.**

EPS's motion fails to account for the issue that, after Deltro filed its original state court Complaint, the facts changed. In particular, EPS' mechanics lien was bonded off by the project's general contractor, PCL Construction Services, Inc. ("PCL"). (ECF No. 14-4).

The bonding of the lien changed the parties implicated in these proceedings. PCL and its sureties' interests were implicated upon bonding (and Deltro now seeks to add them as parties). The project owner and mortgage lender's who were originally parties no longer have their interests implicated (and Deltro dismissed them accordingly).

The bonding of the lien also changed the parties' liabilities. The lien bond and Deltro's obligations to defend and indemnify PCL were added to the factual matrix. The owner's real property was released. As a result, Deltro's original Complaint, though entirely accurate at the time it was filed, was no longer reflective of the facts now before the Court and allocation of liabilities between the parties.

Deltro, therefore, moved to amend its allegations so as to address the new facts, parties, defense and indemnification obligations, interests, and relationships. It is noteworthy that Deltro's moving for leave to amend also occurred prior to EPS filing its motion for judgment on the pleadings against the original Complaint. Yet EPS moves for judgment on the outdated pleading. Rather than the Court ruling on Deltro's claims based on the outdated pleading, it would be just and appropriate to evaluate the First Amended Complaint that addresses the current factual and legal landscape.

Deltro's pending First Amended Complaint alleges:

28. As a result of EPS's lien, PCL withheld payment from Deltro.

29. The resulting non-payment damaged Deltro directly by the non-receipt of payment it was owed by PCL.

3

> 30. The resulting non-payment further damaged Deltro by prohibiting Deltro from paying other subcontractors due to Deltro's lack of receipt of payment from PCL.
>
> ***
>
> 36. Deltro has contractual obligations to indemnify PCL for the bond premiums to maintain the bond and for liability that the bond may incur.

Even under the federal pleading standards, a party is ordinarily not required to plead and prove its entire case in the Complaint. EPS alleges that more details should have been put forth, but, in doing so, EPS contradicts the Rule 8 instruction that pleadings be a "short and plain statement".

Nevertheless, Deltro submits its subcontract provision requiring it to defend and indemnify PCL as well as pay PCL the EPS lien bond premiums and defend and indemnify PCL against the lien bond liability, which clearly establishes standing. Exhibit 1, Declaration of David DelMastro, subcontract provision. The provision expressly includes the obligation to defend and indemnify for liens.

Deltro also submits the additional obligation in its settlement agreement with PCL, which requires Deltro to defend and indemnify PCL for EPS's lien, including paying PCL's premiums for the EPS lien bond and indemnifying for the lien bond liability:

> **Deltro shall defend, indemnify and hold PCL, Hillcrest, and their sureties harmless against any and all future litigation filed by any Deltro sub-subcontractor or material provider attempting to foreclose against the approved surety bonds….**

*Id*. Exhibit 1, Declaration of David DelMastro, settlement agreement provision.

EPS has exaggerated and arbitrarily heightened the federal pleading standards. Deltro is not required to quote verbatim the contractual provisions in its Complaint. A conclusory allegation would have been for Deltro to merely allege "Deltro has standing" or "Deltro has been damaged." Deltro went beyond that and alleged the facts in a short, plain,

4

and plausible manner. More details, if needed in a case, come after a Complaint via discovery.

Deltro pled standing with sufficient particularity by the factual allegation that Deltro had and continues to have contractual obligations to defend and indemnify. Deltro has now submitted the specific contract provisions EPS desired to have introduced into the record. For this reason EPS's motion for judgment on the pleadings should be denied.[1]

### C. EPS's case law shows that Deltro has standing.

EPS's citation to *RMT Inc. v. SPE Util. Contractors, LLC*, 2009 WL 2777347, 2009 U.S. Dist. LEXIS 76589 (E.D. Mich. 2009) (adopting magistrates report at 2009 U.S. Dist. LEXIS 77150) is distinguishable. In *RMT Inc.* the general contractor sought a declaratory judgment to invalidate its subcontractor's mechanic's lien against the real property. The general contractor's sole grounds for standing were that it had a contract with the subcontractor. Unlike *RMT Inc.*, Deltro does not merely allege it has standing to challenge the lien because Deltro has a contract with EPS. Deltro's contract with EPS is not the only basis asserted for standing. Rather, Deltro's contractual obligations to the general contractor, PCL, who bonded off the lien, are the basis. More specifically, Deltro's contractual obligations to defend and indemnify PCL for ongoing damages, bond premiums and any bond liability. Deltro's basis for standing is markedly different than the grounds asserted in *RMT Inc.* The very existence of EPS's lien causes the bond to continue to exist and incur premiums that Deltro is liable for. If EPS were to ever prevail against the bond, Deltro would further be obligated to indemnify PCL for that as well.

---

[1] Or again if not denied, Deltro should be granted leave to amend its complaint and provide additional facts. Judgment on the pleadings, however, is not appropriate.

Deltro's position is akin to that of the parties discussed in a case cited within *RMT Inc.*, where standing was found to exist. In *Potter v. Ables*, 610 N.E.2d 159 (Ill. App. 1993) the party seeking a declaratory judgment was the real property owner at the time the improvements were made, but transferred ownership before filing suit for a declaratory judgment to invalidate the lien. The court held that because the conveyance via warranty deed included a duty to defend, the party seeking the declaratory judgment had a sufficient interest to confer standing. Just as the *Potter* plaintiff's duty to defend conferred standing to challenge the mechanic's lien by declaratory judgment, Deltro's duty to defend and indemnify PCL confers standing for Deltro to challenge EPS's mechanic's lien by declaratory judgment.

The present case is not like *RMT Inc. v. SPE Util. Contractors, LLC*. The present case is analogous to *Potter v. Ables* wherein standing was found at the trial level and affirmed on appeal.

**D. Ohio case law supports Deltro's standing.**

In *John R. Hess, Inc. v. Brecksville Asphalt Paving Co.*, 1981 Ohio App. LEXIS 10521, 1981 WL 4597 (Ohio App. 1981) a subcontractor filed a mechanic's lien on the owner's real property. The general contractor identified defects in the lien and then sought and was granted a declaratory judgment that the lien was invalid. Although the opinion does not specifically address standing, its outcome shows that the Ohio courts did not see the general contractor's standing as an impediment.

**E. Deltro is a proper party under the Ohio Declaratory Judgment Act.**

The elements under Ohio law for a declaratory judgment are (1) a real controversy between the parties, (2) a controversy which is justiciable in character, and (3) a situation

6

where speedy relief is necessary to preserve the rights of the parties. *Buckeye Quality Care Ctrs., Inc. v. Fletcher*, 548 N.E.2d 973 (Ohio App. 1988).

Here there is a real controversy between Deltro and EPS because EPS filed a mechanic's lien that is causing Deltro to incur defense and indemnification liability. The controversy is justiciable because the Court can determine whether EPS's lien is invalid, declare it invalid, and – as a result – end Deltro's defense and indemnification liability. The situation is proper for speedy relief because EPS's *invalid* lien causes Deltro to incur more liability the longer the lien exists. It simply cannot be said that Deltro does not have an interest in the outcome of this declaratory judgment action because if granted the declaratory judgment would negate Deltro's ongoing liability to PCL for the EPS lien.

Deltro also has standing under the traditional elements of (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct and (3) likely to be redressed by the requested relief. Deltro has been and is incurring the injury of defense and indemnification costs/obligations to PCL. Deltro's injuries are fairly traceable in that they arise directly from EPS filing and maintaining an invalid mechanics lien. Deltro's injuries will also be redressed by the requested relief because if the lien is declared invalid, which it is, the declaration ends the lien, ends the bond, and ends Deltro's ongoing defense and indemnification obligations. Deltro meets injury, causation, and redressability for standing.

**F. Deltro must have a declaratory judgment available to it to end the defense and indemnification costs it is incurring to PCL.**

EPS went to the trouble and expense of recording a mechanic's lien for $2,171,921.55. EPS is actively litigating the payment it alleges it is owed before this Court in its breach of contract claim. Yet, after Deltro notified EPS of defects in the lien that invalidate the lien, EPS chose not to include enforcement of the lien in this action. EPS has

7

let the lien fall by the wayside as this action progresses and eventually becomes barred by res judicata and claim splitting.

By not bringing an action to enforce the lien, EPS is avoiding a determination that its lien is invalid while also causing Deltro to incur liability for significant bond premiums. EPS, by its conduct or inaction, recognizes the lien is invalid, so enforcing the lien provides EPS no benefit. However, allowing the lien to exist unenforced causes significant ongoing damages to its adversary Deltro.

In sum, Deltro's standing in this action is not based on asserting another party's legal rights. Its standing is based on Deltro's own rights, obligations, and ongoing liabilities. Deltro has both pled and demonstrated standing. EPS's motion for judgment on the pleadings should be denied.

Respectfully submitted,

*/s/ Nicholas W. Schwandner*
Nicholas W. Schwandner (0086471)
SCHWANDNER LAW FIRM LLC
119 E. Court St., Suite 504
Cincinnati, OH 45202
T: (513) 429-4099
F: (513) 772-7904
ns@schwanlawfirm.com

*Counsel for Plaintiff*
*Deltro Electric, Ltd.*

**CERTIFICATE OF SERVICE**

I certify that a copy was filed electronically, on March 25, 2022, via the Court's CM/ECF system, which will serve notification upon:

Theresa L. Nelson

8

Daniel J. Knecht
John B. Pinney
Graydon Head & Ritchey LLP
312 Walnut St., Ste. 1800
Cincinnati, OH 45202
tnelson@graydon.law
dknecht@graydon.law
jpinney@graydon.law

*Counsel for Defendant*
*Electric Power Systems International, Inc.*

                                          */s/ Nicholas W. Schwandner*
                                          Nicholas W. Schwandner