UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **DELTRO ELECTRIC LTD.**<br><br>    **Plaintiff**<br><br>v.<br><br>**ELECTRIC POWER SYSTEMS INTERNATIONAL, INC., et al.**<br><br>    **Defendants** | **Case No. 1:21-cv-00303**<br><br>**Judge Douglas R. Cole**<br><br>**Magistrate Judge Karen L. Litkovitz** |

**PLAINTIFF DELTRO ELECTRIC LTD.'S OPPOSITION TO DEFENDANT ELECTRIC POWER SYSTEMS INTERNATIONAL, INC.'S MOTION TO STRIKE OR STAY CONSIDERATION OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Electric Power Systems International, Inc.'s ("EPS") Motion to Strike or Stay Consideration of Plaintiff Deltro Electric Ltd.'s ("Deltro") Motion for Partial Summary Judgment or in the Alternative for an Extension to Respond (ECF No. 37) should be denied because the pending motions all revolve around the shared issue of standing.

Currently pending before the Court are Deltro's Motion for Leave to Amend Complaint (ECF No. 30), Deltro's Motion for Partial Summary Judgment (ECF No. 31), Deltro's Motion to Expedite (ECF No. 34), EPS's Motion for Partial Judgment on the Pleadings (ECF No. 35), and EPS's Motion to Strike or Stay (ECF No. 37).

EPS's arguments for each of these motions are contingent on a determination as to whether Deltro has <u>standing</u> to seek a declaratory judgment. Once the decision is made that Deltro does have standing, the resolution of all of the pending motions will follow. Specifically, the Motion for Leave to Amend Complaint can be granted so that Deltro can add necessary parties to its declaratory judgment counts. Deltro's Motion for Partial Summary Judgment can be granted because EPS has raised no opposition to its merits

other than standing.  EPS's Motion for Partial Judgment on the Pleadings can be denied because it too is premised on EPS' allegation that Deltro lacks standing.

It is more efficient to decide the motions together.  The alternative suggested by EPS, namely that the motions be decided on a piecemeal basis, is far less efficient and would lead to a waste of judicial resources.  There are no rigid rules requiring a passage of time between motions.  Quite the opposite, Rule 1 says the Court's procedure should be administered to secure just, speedy, and inexpensive determinations.  That goal is better served in this case by deciding the motions together, not striking or staying some of them despite the fact that they revolve around EPS's arguments concerning standing.

Deltro also has a particularized basis for requesting a speedy ruling.  The EPS lien bond renewal premium of $14,389.00 will come due April 20, 2022.  Deltro is seeking a ruling so that the bond costs can be avoided.  In fact, it seems that EPS's attempts to stay and delay a determination on the validity of its lien, which it has not enforced or advanced in any way, is being done specifically so that the bond premium comes due and payable by Deltro. Such an outcome is not within the spirit and intent of Rule 1.

Deltro seeks a determination and ruling on the above-listed motions together because they have the shared issue of standing and, if decided before April 20, 2022, can help mitigate Deltro incurring bond premiums it must reimburse and will lead to the most just, speedy, and inexpensive determination of the issues raised in these proceedings.

Respectfully submitted,

*/s/ Nicholas W. Schwandner*
Nicholas W. Schwandner (0086471)
SCHWANDNER LAW FIRM LLC
119 E. Court St., Suite 504
Cincinnati, OH 45202
T: (513) 429-4099

              F: (513) 772-7904
              ns@schwanlawfirm.com

              *Counsel for Plaintiff*
              *Deltro Electric, Ltd.*

## **CERTIFICATE OF SERVICE**

 I certify that a copy was filed electronically, on April 4, 2022, via the Court's CM/ECF system, which will serve notification upon:

Theresa L. Nelson
Daniel J. Knecht
John B. Pinney
Graydon Head & Ritchey LLP
312 Walnut St., Ste. 1800
Cincinnati, OH 45202
tnelson@graydon.law
dknecht@graydon.law
jpinney@graydon.law

*Counsel for Defendant*
*Electric Power Systems International, Inc.*

              */s/ Nicholas W. Schwandner*
              Nicholas W. Schwandner

3