# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **DELTRO ELECTRIC LTD.**<br><br>    **Plaintiff**<br><br>v.<br><br>**ELECTRIC POWER SYSTEMS INTERNATIONAL, INC., et al.**<br><br>    **Defendants** | **Case No. 1:21-cv-00303**<br><br>**Judge Douglas R. Cole**<br><br>**Magistrate Judge Karen L. Litkovitz** |

## PLAINTIFF DELTRO ELECTRIC LTD.'S RESPONSE TO PCL CONSTRUCTION SERVICES, INC.'S MOTION FOR LEAVE TO INTERVENE

Plaintiff Deltro Electric Ltd. ("Deltro") submits this Response to Intervening Defendant / Cross-Plaintiff PCL Construction Services, Inc.'s ("PCL") Motion for Leave to Intervene (ECF No. 44).[1] Deltro submits this filing to provide the Court with Deltro's position on the parties' various procedural motions in light of PCL's newly filed motion to intervene.[2]

### I.  Procedural posture

Deltro initiated this action to obtain a declaratory judgment that Defendant Electrical Power Systems International, Inc.'s ("EPS") mechanic's lien is invalid.  PCL, the principal on the bond that was issued to bond off EPS' lien, now moves to intervene and – like Deltro – also seeks a declaratory judgment that EPS' lien is invalid.

The primary issue which must be decided to facilitate the most efficient proceedings is whether EPS' lien is invalid. This issue is at the forefront of this litigation and can be

---

[1] Deltro does not oppose PCL's motion to intervene.
[2] To the extent leave is required, Deltro requests leave to provide the Court this update.

decided now as a matter of law.  Procedurally several motions are pending that, once ruled upon, will position the Court and parties to enter judgment on the invalidity of the lien.

The pending motions in the order they were filed are:

| ECF No. 30 | Deltro's Motion for Leave to Amend Complaint. |
|---|---|
| ECF No. 31/33 | Deltro's Motion for Partial Summary Judgment Against EPS |
| ECF No. 34 | Deltro's Motion to Expedite |
| ECF No. 35 | EPS's Motion for Partial Summary Judgment on the Pleadings |
| ECF No. 37 | EPS's Motion to Strike or Stay Deltro's Motion for Partial Summary Judgment |
| ECF No. 44 | PCL's Motion for Leave to Intervene |
| ECF No. 45 | PCL's Joining and Adoption of Deltro's Motion for Partial Summary Judgment Against EPS |

II.     **Proposed procedure for the most efficient proceedings**

Deltro proposes that there is a clear order by which the procedure of this action may be addressed so as to facilitate the most efficient resolution of the series of motions before the Court.

1. **First ruling: ECF No. 30 Motion (GRANT)**.  Deltro moved for leave to amend its Complaint to add the necessary parties of PCL and the bond sureties as well as add a federal declaratory judgment claim.  Leave to amend is to be freely granted. Granting this motion brings in the necessary parties (PCL and bond sureties). Deltro asks that the leave be granted *instanter*.[3]

---

[3] Deltro's proposed First Amended Complaint exhibit (ECF No. 30-1) was filed signed by counsel and in final form.  It can be granted *instanter*.

2. **Second ruling**: ECF No. 35 Motion (DENY).  EPS moved for partial judgment on the pleadings against Deltro's *original* state court Complaint.  Deltro's motion to amend was already pending when EPS challenged the earlier state court pleading.  This motion can be denied as moot due to the first ruling.

3. **Third ruling**: ECF No. 37 Motion (DENY).  EPS moved to strike Deltro's Motion for Partial Summary Judgment on the basis that leave for the First Amended Complaint had not yet been granted and that the necessary parties should be entered in the case.  The first ruling resolves EPS's concerns.  This motion can be denied as moot.

4. **Fourth ruling**: ECF No. 44 Motion (GRANT).  PCL moved to intervene, file its Answer to Deltro's First Amended Complaint, and assert cross-claims against EPS.  Intervention is liberally granted.  Deltro's First Amended Complaint will be in the case from the first ruling so PCL's Answer can be granted *instanter*.  PCL, as the bond principal, indisputably has standing to assert its declaratory judgment cross-claims that EPS's lien is invalid.  This motion can be granted *instanter*.

5. **Fifth ruling**: ECF No. 34 Motion (DENY).  The hearing date Deltro requested for expedited consideration has passed.  This motion can be denied as moot.  To be clear, however, Deltro continues to assert the need for expeditious ruling on the Motion for Partial Summary Judgment.

6. <u>Sixth ruling</u>: **ECF No. 31 & 45 Motions (ORDER EPS TO RESPOND).** After the above rulings, the parties' various procedural positions will have been resolved. Deltro moved for Partial Summary Judgment against EPS. PCL joined and co-moved. PCL's own declaratory judgment claim, which follows the same motion arguments that PCL adopted from Deltro's Memorandum, will have been entered into the case by the fourth ruling.

   a. EPS should be ordered to file its answers to Deltro and PCL's pleadings, which it already possesses, within 10 days of the Court's order.

   b. EPS should be ordered to file its opposition, if any, to Deltro and PCL's motions for partial summary judgment within 21 days of the Court's order.

   c. Deltro and PCL's replies, if any, should be ordered to be filed 35 days after the Court's order.

   d. A hearing date for determination of Deltro and PCL's motions for partial summary judgment should be set for 50 days after the Court's order.

        Respectfully submitted,

        */s/ Nicholas W. Schwandner*
        Nicholas W. Schwandner (0086471)
        SCHWANDNER LAW FIRM LLC
        119 E. Court St., Suite 504
        Cincinnati, OH 45202
        T: (513) 429-4099
        F: (513) 772-7904
        ns@schwanlawfirm.com

        *Counsel for Plaintiff*
        *Deltro Electric, Ltd.*

**CERTIFICATE OF SERVICE**

      I certify that a copy was filed electronically, on July 12, 2022, via the Court's CM/ECF system, which will serve notification upon:

| | |
|---|---|
| Theresa L. Nelson<br>Daniel J. Knecht<br>John B. Pinney<br>Graydon Head & Ritchey LLP<br>312 Walnut St., Ste. 1800<br>Cincinnati, OH 45202<br>tnelson@graydon.law<br>dknecht@graydon.law<br>jpinney@graydon.law<br><br>*Counsel for Defendant*<br>*Electric Power Systems International, Inc.* | Robert A. Koenig<br>Shumaker, Loop & Kendrick<br>1000 Jackson St.<br>Toledo, OH 43624<br>rkoenig@shumaker.com<br><br>*Counsel for Intervening Defendant/Cross-*<br>*Plaintiff PCL Construction Services, Inc.* |

                                           */s/ Nicholas W. Schwandner*
                                           Nicholas W. Schwandner