# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **DELTRO ELECTRIC LTD.** <br><br> **Plaintiff** <br><br> v. <br><br> **ELECTRIC POWER SYSTEMS INTERNATIONAL, INC., et al.** <br><br> **Defendants** | **Case No. 1:21-cv-00303** <br><br> **Judge Douglas R. Cole** <br><br> **Magistrate Judge Karen L. Litkovitz** |

**PLAINTIFF DELTRO ELECTRIC LTD.'S OPPOSITION TO DEFENDANT ELECTRIC POWER SYSTEMS INTERNATIONAL, INC.'S MOTION TO STRIKE**

Plaintiff Deltro Electric Ltd. ("Deltro") submits this Opposition to Defendant Electric Power Systems International, Inc.'s ("EPS") Motion to Strike (ECF No. 49).

**1. Deltro had grounds to file its Response.**

Contrary to what EPS has stated, the Response (ECF. 46) is not a sur-reply.  It is a proper filing that responds to a newly filed motion (i.e. PCL Construction Services, Inc.'s ("PCL") motion to intervene). Just as EPS insists that it is entitled to respond to the motion to intervene, so too is Deltro who commenced these proceedings and is a Plaintiff in this action. Under EPS' flawed contention, parties must remain silent on a third-party intervention motion unless and only if they are seeking to contest the relief being sought. Such an assertion does not accord with due process, where each and every party to a proceeding is entitled to have their positions entered into the Court record.  Simply because Deltro does not oppose PCL's motion does not mean Deltro cannot provide the Court with Deltro's position on how PCL's new motion impacts the case where it is the Plaintiff.

Fed. R. Civ. P. 1 seeks to secure efficient proceedings.  In responding to the relief sought by PCL, Deltro is permitted to provide its view on how the intervention by PCL

impacts the case and how the goal of securing efficient proceedings can be achieved. Deltro's Response accords with Local Rule 7.2(a)(2)'s authorization to file memoranda.

Second, even if construed as a sur-reply, Local Rule 7.2(a)(2) allows filing sur-replies with leave of court for good cause. Deltro's Response requested leave as alternative grounds. Contrary to what EPS submits, the citation to the Local Rule governing sur-reply materials is not a tacit admission that the Response was improper. Rather, it is an appropriate alternate basis for the filing of ECF 46. Good cause exists because PCL was previously not a party to these proceedings and PCL's new motion was filed seeking fresh relief in these proceedings. Deltro's position regarding that new motion was not otherwise in the record. It was both proper and necessary for Deltro to file the Response to provide the Court with its position on how the relief sought by PCL and how its motion impacts the procedural posture of the case. Good cause exists for Deltro's Response so leave should be granted.

**2. EPS characterization of Deltro's Response.**

Nowhere in Deltro's Response did Deltro concede or state that it lacked standing to seek a declaratory judgment. Deltro does have standing as demonstrated in Deltro's original briefing regarding the issue. (ECF No. 39 and 40). PCL *also* has standing, but that does not negate Deltro's own standing. In this regard, Deltro's prior filings are a full answer to EPS' latest assertion. Deltro maintains that it has proper standing.

Deltro filed its Response with the intention of facilitating resolution of the pending motions and to attempt to assist the Court with using its valuable resources as judiciously as possible. Rather than continued filings, Deltro respectfully requests that, if the Court is amenable, a telephone conference with the Court and parties be held to discuss the motions.

Respectfully submitted,

*/s/ Nicholas W. Schwandner*
Nicholas W. Schwandner (0086471)
SCHWANDNER LAW FIRM LLC
119 E. Court St., Suite 504
Cincinnati, OH 45202
T: (513) 429-4099
F: (513) 772-7904
ns@schwanlawfirm.com

*Counsel for Plaintiff*
*Deltro Electric, Ltd.*

## CERTIFICATE OF SERVICE

I certify that a copy was filed electronically, on July 15, 2022, via the Court's CM/ECF system, which will serve notification upon:

| | |
|---|---|
| Theresa L. Nelson | Robert A. Koenig |
| Daniel J. Knecht | Shumaker, Loop & Kendrick |
| John B. Pinney | 1000 Jackson St. |
| Graydon Head & Ritchey LLP | Toledo, OH 43624 |
| 312 Walnut St., Ste. 1800 | rkoenig@shumaker.com |
| Cincinnati, OH 45202 | |
| tnelson@graydon.law | *Counsel for Intervening Defendant/Cross-* |
| dknecht@graydon.law | *Plaintiff PCL Construction Services, Inc.* |
| jpinney@graydon.law | |

*Counsel for Defendant*
*Electric Power Systems International, Inc.*

*/s/ Nicholas W. Schwandner*
Nicholas W. Schwandner