## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**DELTRO ELECTRIC LTD.,**
        **Plaintiff,**

        **v.**

**ELECTRIC POWER SYSTEMS INTERNATIONAL, INC.,** ***et al.*,**
        **Defendants.**

**Case No. 1:21-cv-303**
**JUDGE DOUGLAS R. COLE**

### OPINION AND ORDER

This cause comes before the Court on multiple motions filed by Plaintiff Deltro Electric Ltd. ("Deltro"), Defendant Electric Power Systems International, Inc. ("EPS"), and proposed Intervener PCL Construction Services, Inc. ("PCL").

For the reasons set forth below, the Court **GRANTS** Deltro's Motion for Leave to File First Amended Complaint ("Mot. for Leave," Doc. 30) and **ORDERS** Deltro to file the same. The Court **GRANTS** PCL's Motion to Intervene ("Mot. to Intervene," Doc. 44) and **DENIES AS MOOT** PCL's Motion for Leave to Replace Proposed Answer and Cross Claims ("Mot. for Leave," Doc. 52). The Court **GRANTS** EPS's Motion for an Extension of Time (Doc. 37). The Court **DENIES AS MOOT WITHOUT PREJUDICE** EPS's Motion for Judgment on the Pleadings ("Mot. for J. on the Pleadings," Doc. 35). The Court **DENIES AS MOOT** EPS's Motion to Strike Deltro's and PCL's Joint Motion for Partial Summary Judgment (Doc. 37), and **DENIES AS MOOT** EPS's Motion to Stay Consideration of Deltro's and PCL's Joint Motion for Partial Summary Judgment (*see id.*). The Court **DENIES AS MOOT**

Deltro's Motion to Expedite ("Mot. to Expedite," Doc. 34). Finally, the Court **DENIES** EPS's Motion to Strike Deltro's Response to PCL's Motion to Intervene (Doc. 49).

Deltro's and PCL's Joint Motion for Partial Summary Judgment remains pending before the Court. ("Mot. for Summ. J.," Doc. 31). Accordingly, EPS is hereby **ORDERED** to respond to the Joint Motion for Partial Summary Judgment within 21 days of this Opinion. All newly added parties are advised to be mindful of their obligations under the Federal Rules with regard to responsive pleadings.

## BACKGROUND

This controversy arises out of a solar farm development project gone sour. The Court has already issued one Order in this matter. *Deltro Electric Ltd. v. Electric Power Systems International, Inc.*, No. 1:21-cv-303, 2021 WL 5027406 (S.D. Ohio Oct. 29, 2021); (Doc. 24). Today, eight motions with nineteen associated briefs now sit before the Court. The cause? A state mechanic's lien that one sub-subcontractor (EPS) filed on the project. To resolve those motions, the Court, not surprisingly, must explore the filings in some detail. But it helps to clarify at the outset—the central dispute at this juncture is whether Deltro (who is the plaintiff here, and also the subcontractor who hired EPS) has standing to challenge EPS's mechanic's lien.

Plaintiff Deltro and Defendant EPS worked together on a solar farm construction project in Brown County, Ohio. (Doc. 4, #22–23). Hillcrest Solar, LLC ("Hillcrest"), lessee of the site, contracted to construct the solar farm. (*Id.* at #22). Hillcrest hired PCL as the general contractor for the project. PCL in turn hired Deltro as a subcontractor, and Deltro then hired EPS to work as a subcontractor beneath it.

2

(*Id.*). In short, Hillcrest is the lessee, PCL the general contractor, Deltro a subcontractor, and EPS a sub-subcontractor.

Deltro alleged in its Complaint that EPS breached its obligations under the contract between them. (*Id.* at #23). EPS countered that Deltro wrongly refused to pay EPS for its work, prompting EPS to file a mechanic's lien on the subject property. (*Id.*; Doc. 14, #71–72). All agree that Deltro has no ownership or possessory interest in that property.

Deltro initiated these proceedings against EPS in state court on April 6, 2021. (Doc. 4). There, Deltro sought a declaratory judgment invalidating EPS's mechanic's lien under Ohio law, on the grounds that the lien was "excessive" and "improper." (*Id.* at #23–27). Deltro further argued that the improper lien delayed the project, resulting in PCL refusing to pay Deltro such that Deltro could not pay its own sub-subcontractors. (*Id.* at #26). Deltro also asserted a breach of contract claim against EPS. (*Id.* at #27–29). For the purposes of this Opinion, though, only the request for declaratory judgment is at issue.

EPS removed the action to this Court on April 30, 2021, asserting it fell within this Court's diversity jurisdiction. (Doc. 1). That same day, PCL "bonded off" EPS's mechanic's lien on the property. (Doc. 24, #399). What that means is that PCL (the general) essentially substituted a surety bond (naming EPS as the protected party) in place of the lien on Hillcrest's (the lessee's) interests in the property at issue. (EPS Answer, Ex. D, Order from Brown Cnty. Ct. of Common Pleas Bonding Off Lien, Doc. 14-4, #191–2; Ex. E, Recorded Order (same), Doc. 14-5, #193–4).

3

On May 27, 2021, Deltro moved to remand the action to state court, arguing that removal had been inappropriate on three grounds. (Doc. 16). The Court disagreed. (Doc. 24).

More recently, and more relevant to this Opinion, on February 22, 2022, Deltro moved for leave to file its First Amended Complaint. (Mot. for Leave, Doc. 30). In its Motion, Deltro sought leave to amend to add the "newly necessary" parties who had an interest in the recently issued bond created to offload EPS's mechanic's lien. (*Id.* at #433). Specifically, Deltro sought to add PCL (the general contractor), and the bond sureties, Fidelity and Deposit Company of Maryland, Travelers Casualty and Surety Company of America, and Federal Insurance Company.[1] (*Id.*). Aside from updating the factual allegations, Deltro planned to maintain its two existing claims for relief and add a federal declaratory judgment claim also invalidating the state mechanic's lien. (*Id.* at #434).

The day after seeking leave to file, Deltro moved for Partial Summary Judgment, seeking a declaratory judgment that EPS's mechanic's lien was invalid as a matter of state law. (Mot. for Summ. J., Doc. 31, #455). Deltro argued that EPS failed to comply with the state statutory requirements to file a mechanic's lien, making the lien void. (*Id.*).

Then, five days later, on February 28, 2022, Deltro moved to expedite the proceedings, requesting the Court rule on its Motion for Leave to Amend the

---

[1] Based on the allegations in the proposed Amended Complaint, none of these entities destroy complete diversity. Thus, the matter would properly remain in federal court, even after amendment, as least as to diversity. Standing, of course, is a separate issue, which the Court addresses below.

4

Complaint and Motion for Partial Summary Judgment before April 20, 2022. (Doc. 34, #708). Deltro alleged it was bound to indemnify PCL for all bond premiums, which would begin coming due on April 20, 2022. (*Id.*).

Within the next few weeks, EPS responded in a variety of ways. First, on March 4, 2022, EPS moved for partial judgment on the pleadings in response to the original Complaint. (Mot. for J. on the Pleadings, Doc. 35). EPS argued that, under Ohio law, only those with an interest in the subject property may challenge a mechanic's lien because it is an in rem action, and here Deltro has no such interest and so cannot challenge the lien. (*Id.* at #722–26). Separately, EPS contended that Deltro lacked Article III standing to maintain its demand for declaratory judgment in federal court. (*Id.* at #717).

A week later, EPS opposed Deltro's motion for leave to amend. (*See* Doc. 36). EPS argued that Deltro's motion to amend was actually a motion to supplement the pleadings, and that Deltro still lacked standing to bring its claim for declaratory judgment invalidating the mechanic's lien. (*Id.* at #730). To EPS, this made Deltro's attempt to alter the pleadings futile and warranted denial of Deltro's motion. (*See id.* at #730).

Then, on March 15, 2022, EPS moved to strike or stay consideration of Deltro's motion for partial summary judgment. (*See* Doc. 37). EPS contended that Deltro's summary judgment motion was premature, as the Court had not yet granted Deltro leave to file its alleged "supplemental" pleadings, and the proposed additional parties had not yet had a chance to answer or move. (*Id.* at #741–42). In the alternative, EPS

5

requested an extension of time of 21 days to file its opposition following the Court's determination of Deltro's standing. (*Id.* at #739).

Finally, on March 21, 2022, EPS filed its opposition to Deltro's Motion to Expedite. (*See* Doc. 38). EPS argued that Court could not rule on Deltro's motions until the new parties were served (*Id.* at #749). Further, EPS alleged that Deltro's urgency was unwarranted based on its own allegedly dilatory practices up until then. (*Id.* at #750). Therefore, EPS believed that Deltro had not shown good cause to expedite the proceedings. (*Id.* at #751).

Thereafter, Deltro took its turn. First, on March 25, 2022, Deltro replied in support of its Motion for Leave to File First Amended Complaint. (Doc. 39). There, Deltro argued that bonding off EPS's mechanic's lien represented a "significant change to the dispute," warranting leave to amend the Complaint. (*Id.* at 753). On the standing front, Deltro first argued that its pleadings adequately stated standing. (*Id.* at #756). Then, Deltro asserted another basis for its standing, this one arising from a contract between Deltro and PCL, under which Deltro alleged it is required to indemnify and defend PCL for the surety bond and to pay the premiums for that bond. (*Id.* at #757). Last, Deltro complained that EPS was not actively enforcing its mechanic's lien, and that PCL and the bond sureties were not actively challenging the lien. Deltro claimed it needed the ability to challenge the lien to avoid or mitigate its otherwise ongoing obligations under its contract with PCL relating to that bond (defense and payment). (*Id.* at #758).

6

On the same day, Deltro also opposed EPS's Motion for Partial Judgment on the Pleadings. (*See* Doc. 40). Deltro began by arguing that its Complaint met Ohio pleadings standards when filed in Ohio court prior to removal. (*Id.* at #768). Deltro also contended that under the federal pleading standards, it had offered sufficient factual allegations to state a claim. (*Id.* at #767–70). Deltro then reasserted that, beyond the allegations in the Complaint, additional evidence showed it had standing under federal and state law. (*Id.* at #770–71). In particular, Deltro attached excerpts of the contract between PCL and Deltro that supposedly showed Deltro's obligation to indemnify and defend PCL for the bond. (*See id.*).

Then, on April 4, 2022, Deltro opposed EPS's Motion to Strike or Stay Deltro's Motion for Partial Summary Judgment. (*See* Doc. 41). Deltro argued that no delay was necessary because the parties' dispute revolved solely around standing. (*Id.* at #783). More specifically, because EPS had not affirmatively argued that its lien *was* valid as a matter of Ohio law, Deltro contended that the Court simply needed to decide the question of standing to resolve the Motion for Partial Summary Judgment and invalidate the lien. (*Id.*).

On April 8, 2022, EPS replied in support of its Motion for Partial Judgment on the Pleadings. (*See* Doc. 42). EPS argued that federal pleadings standards applied to Deltro's pleadings and that Deltro's agreement to defend and indemnify PCL did not constitute an injury in fact for standing. (*Id.* at #787–91). On that front, EPS challenged Deltro's account of the contract excerpts that Deltro had submitted. More specifically, EPS argued the contract excerpts provided did not require Deltro to pay

bond premiums. (*Id.* at #790–91). According to EPS, this meant Deltro failed to carry its burden of showing it had standing under both Ohio and federal law. (*Id.*).

On April 18, 2022, EPS filed its Reply in support of its Motion to Strike or Stay Consideration of Deltro's Motion of Partial Summary Judgment. (*See* Doc. 43). In essence, EPS argued that no ruling could be made on Deltro's Motion for Partial Summary Judgment until the issue of standing is settled and leave to file the Amended Complaint is granted or rejected. (*Id.* at #797–99).

On June 23, 2022, PCL decided to join the flurry of briefing. (Mot. to Intervene, Doc. 44). PCL first requested leave to join the case as a defendant and cross-plaintiff against EPS. (*Id.* at #801–02). In support of that request, PCL argued that it qualified for intervention as a matter of right under Federal Rule of Civil Procedure 24(a)(2), and in the alternative, that the Court should permit PCL to intervene under Federal Rule of Civil Procedure 24(b). (*Id.* at #803–06). That same day, PCL also moved to join Deltro's Motion for Partial Summary Judgment and adopted the arguments therein. (Mot. to Join, Doc. 45). On July 12, 2022, Deltro expressed its approval of PCL's addition in a responsive filing that largely rehashed Deltro's overarching arguments to date. (Doc. 46).

Then, on July 14, 2022, EPS filed its own response to PCL's Motion to Intervene, coupled with a Motion to Strike Deltro's Response to the same. (*See* Doc. 49). EPS chastised Deltro for its "unsolicited and unnecessary 'update,'" (*id.* at #835), yet then proceeded to offer one of its own, (*id.* at #836–37). Next, EPS conceded that it "does not oppose PCL's right to seek intervention" but it did object that PCL's

proposed Answer responded to Deltro's proposed Amended Complaint, not the operative Complaint. (*Id.* at #837–38). To EPS, this oversight meant the Court must deny PCL's Motion to Intervene, despite all parties agreeing PCL had a right to intervene. (*Id.*).

Deltro next opposed EPS's Motion to Strike on July 15, 2022, arguing that its response to PCL's addition was proper. (Doc. 51).

Finally, on July 18, 2022, PCL filed a Motion for Leave to Replace Proposed Answer and Cross Claims, in which it offered an answer and cross-claims responding to Deltro's *original* Complaint, to substitute the filing it had previously tendered, which responded to Deltro's proposed Amended Complaint. (Mot. for Leave, Doc. 52).

To summarize, the Court has eight pending motions before it. Deltro has filed a Motion for Leave to File First Amended Complaint, a Motion for Partial Summary Judgment, and a Motion to Expedite. PCL has filed a Motion to Intervene and a Motion for Leave to Replace Proposed Answer and Cross Claims. EPS has filed a Motion for Partial Judgment on the Pleadings, a Motion to Strike or Stay Deltro's Motion for Partial Summary Judgment, and a Motion to Strike Deltro's Response to PCL's Motion to Intervene.

## LAW AND ANALYSIS

### A. The Court Grants Deltro's Motion For Leave To File First Amended Complaint.

As explained more fully below, the Court grants Deltro's Motion For Leave To File First Amended Complaint. Before jumping in though, the Court offers a brief roadmap. First, the Court asks whether Deltro meets the traditional standard for

9

leave to file an amended pleading. Second, the Court discusses whether Deltro's motion is futile on the ground that Deltro lacks standing (as EPS claims). That, in turn, requires the Court to assess whether EPS is making a facial or factual challenge to Deltro's standing. Third, having decided that EPS is advancing a facial challenge, the Court treats the factual allegations in the proposed amended complaint as true, and assesses their import for standing purposes. Fourth, and finally, based on the answers to these three inquiries, the Court concludes that Deltro has adequately alleged standing, at least at the pleading stage; thus, the amended pleading is not futile, and should be allowed.

Let's start with the standard that applies when a plaintiff seeks leave to amend the complaint. Generally speaking, a plaintiff may amend the complaint once as a matter of course within 21 days after the defendant responds, whether by way of answer or motion. Fed. R. Civ. P. 15(a). After that, a party may amend only with the opposing party's consent (which EPS withheld here) or leave of the Court. *Id.* at 15(a)(2). As to the latter, though, the Rule provides that the Court "should freely give leave [to amend] when justice so requires." *Id.*

Consistent with that, caselaw holds that a district court has broad discretion in deciding whether to grant such leave. *See, e.g.*, *Cheryl & Co. v. Krueger*, No. 2:18-cv-1485, 2019 WL 7821056, at *1 (S.D. Ohio Dec. 12, 2019) (citing *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990)). But, given Rule 15's language, "leave … should … be freely given" absent "any apparent or declared reason" such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

10

to cure deficiencies[,] ... undue prejudice to the opposing party [or] futility of the amendment." *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640–41 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (internal quotation marks omitted). Indeed, a district court's "outright refusal to grant the leave without any justifying reason ... is not an exercise of discretion," but instead an abuse of it that is "inconsistent with the spirit of the Federal Rules." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citing *Foman*, 371 U.S. at 182) (quotation marks omitted).

As a threshold matter, the Court finds that Deltro's motion does not reflect undue delay, nor create any prejudice. The motion represents Deltro's first attempt to amend its Complaint, which Deltro claims it is doing in response to the changed circumstances that arose when PCL "bonded off" the mechanic's lien on April 20, 2021. (Doc 30, #434). Deltro did not unreasonably delay in seeking amendment. It first filed its action in state court on April 5, 2021, before EPS removed it to federal court April 30, 2021. (Doc. 1; Doc. 4). After that, the parties litigated the remand question until this Court issued its Opinion on that topic on October 29, 2021. *Deltro Electric Ltd. v. Electric Power Systems International, Inc.*, No. 1:21-cv-303, 2021 WL 5027406 (S.D. Ohio Oct. 29, 2021). It was only four months later—February 22, 2022—that Deltro sought leave to amend. That does not strike the Court as dilatory. Nor has EPS even attempted to argue that it will suffer undue prejudice from the amended complaint's filing.

Rather, EPS's argument against leave to amend principally rests on futility. (Doc. 36, #738). EPS argues that leave to amend is futile because Deltro lacks

11

standing as to the new claims added in the proposed Amended Complaint. (*Id.*). That is, according to EPS, the new claims in Deltro's proposed Amended Complaint (a federal Declaratory Judgment Act claim) could not survive a motion to dismiss. (EPS, it should be noted, likewise argues that Deltro lacks standing to pursue the state declaratory judgment claim in the original Complaint.)

That argument starts on solid legal footing—a court may deny leave to amend on futility grounds if the new claims in the proposed amended complaint would not survive a motion to dismiss. *See Rose v. Hartford Underwriting Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). And here, EPS's standing challenge could be brought as a 12(b)(1) motion. Fed. R. Civ. P. 12(b)(1). Thus, the Court must assess whether the new claim in Deltro's proposed Amended Complaint would survive a Rule 12(b)(1) motion attacking standing.

A defendant can challenge standing on either facial or factual grounds. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). A facial attack occurs when a party "questions merely the sufficiency of the pleading," in which case the district court "takes the allegations in the complaint as true." *Howard v. City of Detroit*, 40 F.4th 417, 422 (6th Cir. 2022) (quoting *Gentek Bldg. Prods. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)).

On the other hand, "[w]hen a Rule 12(b)(1) motion attacks a complaint's factual predicate, the court does not presume that the plaintiff's factual allegations are true." *Yubei*, 807 F.3d at 810 (citing *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1045 (6th Cir. 2015)); *see also Howard*, 40 F.4th at 422. Rather, a factual challenge requires a

court to test the "factual predicates" of a plaintiff's standing by way of extraneous evidence. *Yubei,* 807 F.3 at 810.

Thus, the Court must first determine whether EPS is pressing a facial or a factual challenge. While EPS does not expressly address that issue in its opposition, based on the way EPS presents its argument, the challenge appears facial. The Court reaches that result for three related reasons.

First, EPS's arguments chiefly rest on the alleged legal insufficiency of Deltro's asserted harm in connection with the lien, rather than on a challenge to the factual veracity of those alleged harms. (Doc. 36). Second, when Deltro offered contract terms from outside the pleadings to reinforce its allegations as to standing, (Doc. 40, #770–71), EPS responded by requesting that this Court not consider those terms. (Doc. 42, #788–89 ("The agreement and excerpts should be ignored because they are beyond the confines of Rule 12 …. EPS objects to any review of these excerpts when ruling on this motion.")). To be sure, EPS proceeds to argue in the alternative that the contract terms, after analysis, still do not grant standing, which sounds in a factual challenge, (*id.* at #789–91), but EPS leads by asking the Court to ignore outside evidence, suggesting a facial challenge. (*Id.* at #788–89). Third, and relatedly, EPS incorporates the arguments from its Motion for Judgment on the Pleadings (a motion limited to the face of the pleadings, *see Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480–83 (6th Cir. 2020)), into its Response to Deltro's Motion for Leave. (Doc. 36, #736). In sum, EPS's various filings all assert that Deltro's *allegations* surrounding

its request for declaratory relief, whether in its original Complaint or its proposed Amended Complaint, fail on their face to show standing. That is a facial challenge.

When evaluating a facial challenge to a plaintiff's standing, the "approach is identical to the approach used by the district court when reviewing a motion invoking Federal Rule of Civil Procedure 12(b)(6)." *Yubei*, 807 F.3d at 810 (citing *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012)). Under that approach, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also White v. Coventry Health & Life Ins. Co.*, 680 F. App'x 410, 413 (6th Cir. 2017). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). To survive a Rule 12(b)(6) motion, a complaint must "raise a right to relief above the speculative level" into the "realm of plausible liability." *Twombly*, 550 U.S. at 555 & 557 n.5.

To summarize, the Court's role at this juncture is to evaluate whether Deltro's proposed Amended Complaint alleges facts that, *assumed true*, plausibly show standing for its requested declaratory relief. That is a fairly low bar. Applying that relatively generous standard here, the Court finds Deltro's Amended Complaint is not futile and so grants Deltro's Motion for Leave to File First Amended Complaint.

"When jurisdiction is premised on diversity of citizenship, a plaintiff must have standing under both Article III and state law in order to maintain a cause of action."

14

*Morell v. Star Taxi*, 343 F. App'x 54, 57 (6th Cir. 2009). Start with the former. Under Article III, a party must have standing for each claim that it seeks to press in federal court. *Weiss v. Sec'y of U.S. Dep't of Interior*, 459 F. App'x 497, 499 (6th Cir. 2012). "To satisfy the 'irreducible constitutional minimum of standing,' the plaintiff must establish that: (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent rather than conjectural or hypothetical; (2) that there is a causal connection between the injury and the defendant's alleged wrongdoing; and (3) that the injury can likely be redressed." *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). These elements are assessed as of the time the plaintiff filed suit. *Ohio Citizens Action v. City of Englewood*, 671 F.3d 564, 580 (6th Cir. 2012).

As for Ohio law, under the Ohio Constitution, courts have "original jurisdiction over all justiciable matters." Ohio Const. art. IV, § 4(B). According to the Ohio Supreme Court, this means that:

> Whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy is what has traditionally been referred to as the question of standing to sue. Where the party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends on whether the party has alleged … a "personal stake in the outcome of the controversy."

*Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 979 N.E.2d 1214, 1218–19 (Ohio 2012) (quoting *Cleveland v. Shaker Hts.*, 507 N.E.2d 323, 325 (Ohio 1987)). Much as in federal court, "[t]raditional standing principles require litigants to show, at a minimum, that they have suffered '(1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the

15

requested relief.'" *ProgressOhio.org, Inc. v. JobsOhio*, 13 N.E.3d 1101, 1104 (Ohio 2014).

In Ohio, "all actions to enforce a mechanics' lien are in rem …. [W]henever a holder of a mechanics' lien enforces its lien in court, it recovers against the property based upon a statutorily granted right." *Guernsey Bank v. Milano Sports Ents. L.L.C.*, 894 N.E.2d 715, 732 (Ohio Ct. App. 2008).

As standing is a claim-by-claim analysis, the Court starts with the easy one. No party contends that Deltro lacks standing, either under Article III or Ohio law, to assert its breach of contract claim against EPS in federal court. (*See* Doc. 4, #27–29). Regardless of the outcome concerning the declaratory judgment claims then, Deltro will be able to maintain this suit in federal court to pursue its contract claim, either under the original Complaint or the proposed Amended Complaint.

As noted above, the only claim that the Amended Complaint adds is one seeking a declaratory judgment invalidating EPS's mechanic's lien. In that claim, Deltro argues it has standing because it "has contractual obligations to indemnify PCL for the bond premiums to maintain the bond and for liability that the bond may incur" as a result of the mechanic's lien, obligations that would disappear if the Court invalidates the mechanic's lien. (Proposed Am. Compl., Doc. 30-1, #439). And the Court finds that the Amended Complaint (albeit implicitly) alleges the bond premiums will become due on an ongoing basis, making Deltro's obligation ongoing as well. (*See id.* (referring to bond premiums in the plural and discussing the duty to

16

"maintain" the bond)).[2] This continuing (and, on Deltro's telling, wrongful) obligation to pay suffices to show an injury in fact. *See Transunion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021) (noting that monetary harm is a classic injury in fact). Moreover, the harm is fairly traceable to EPS's filing of the mechanic's lien (the conduct that Deltro challenges) because the lien directly created the need for the bond. (*See* Proposed Am. Compl., Doc. 30-1, #439). Finally, invalidating the lien (i.e., the declaratory relief Deltro seeks) would likely provide redress for the injury because it will end Deltro's need to pay future bond premiums. (*See id.*). Or more plainly, no more lien means no more bond, and no more bond means no more premiums. Accepting these facts alleged in the proposed Amended Complaint as true, the Court finds that the declaratory judgment claim in the proposed Amended Complaint is not futile for want of Article III standing.

Moreover, even as initially filed, Deltro has standing to challenge the mechanic's lien in the original Complaint. Deltro had an injury in fact arising from the work-stoppage brought about by EPS's lien. (Compl., Doc. 4, #23). Deltro lost out on expected cash flow, and could not pay its other sub-subcontractors. (*Id.*). This harm can be fairly traced to EPS's lien, while invalidating the lien would have allowed work and cash-flow to resume. (*See id.*). Therefore, Deltro had standing under Article III to request a declaratory judgment to invalidate the lien at the outset.

As a matter of Ohio constitutional law, Deltro's proposed Amended Complaint also makes a prima facie showing of standing regarding the request for declaratory

---

[2] Deltro later clarifies the bond premiums become due annually. (Mot. to Expedite, Doc. 34, #708).

relief under Ohio law. Deltro alleges the existence of the mechanic's lien, and of a subsequent bond that creates ongoing financial liability and loss for Deltro. (Proposed Am. Compl., Doc. 30-1, #439). This is sufficient to show that Deltro has a "personal stake" in the validity of EPS's mechanic's lien. *See Schwartzwald*, 979 N.E.2d at 1218–19. Moreover, for the reasons discussed above, Deltro can show an injury in fact, traceability, and redressability.

Indeed, at least one Ohio court has held that a contractual relationship, like that between Deltro and EPS, creates standing to challenge a mechanic's lien, even where the plaintiff does not own the property in question. *See Gale v. Pattie Grp., Inc.*, Nos. 103336, 103368, 2016 WL 4141234, at *3–5 (Ohio Ct. App. Aug. 4, 2016). According to the *Gale* court, because the plaintiff had a contract for services with the defendant contractor, the plaintiff also had standing to challenge the mechanic's lien when the defendant had filed the lien in response to the plaintiff's failure to pay for those services. *Id.* Here, the facts are similar. Deltro has a contractual relationship with EPS, and Deltro's alleged failure to pay EPS on that contract prompted EPS to file a mechanic's lien on property Deltro does not own. Still, Deltro has standing to challenge the lien because there is a nexus between the parties, the contract, and the lien. Therefore, Deltro's Amended Complaint alleges facts that establish Deltro's standing to challenge the validity of EPS's mechanic's lien under Ohio law. And as discussed above, these same principles demonstrate that Deltro had standing under Ohio law in its original Complaint as well.

EPS resists this outcome, advancing three principal arguments: (1) Deltro has not offered sufficient proof that it has a cognizable injury in fact, (2) Deltro actually wants to file a supplemental pleading, which is improper, and (3) Ohio caselaw does not permit Deltro to challenge EPS's mechanic's lien. (Doc. 36, #730; Doc. 42, #790–91). The Court finds arguments unavailing.

First, EPS argues that the Court should deny Deltro's Motion for Leave to File First Amended Complaint because Deltro failed to include in its Amended Complaint any proof to supports its factual allegations. (Doc. 36, #733). EPS complains Deltro raised neither contract terms nor proof of premium payments in the proposed Amended Complaint, labeling Deltro's factual allegations "conclusory." (*Id.*).[3] Indeed, chastising their "conspicuous absence," EPS appears to cast doubt on the existence of a contract at all. (*See id.*). But as EPS is asserting a facial challenge, that misstates Deltro's burden. In the Amended Complaint, Deltro alleged the existence of a contract, pursuant to which it must pay the bond premiums. Assuming that allegation true, Deltro has standing. *Cf. Lunde v. Cincinnati Ins. Co.*, No. 18-cv-238, 2018 WL 1972475, at *2 (D. Minn. Apr. 26, 2018) ("Assuming as true Lunde's factual allegations regarding Cincinnati's contractual obligations, she has clearly stated a plausible claim for breach.") (internal citations omitted).[4]

---

[3] Of course, this is in tension with other filings by EPS. Once Deltro did attach contract terms, EPS objected to any review of the terms. (Doc. 42, #789). EPS's chief concern appears to be that Deltro failed to insert the contract terms into the Amended Complaint itself. But this cuts against the federal system of notice pleadings. *See Kensu v. Corizon, Inc.*, 5 F.4th 646, 650 (6th Cir. 2021).

[4] Nor was there any requirement that Deltro attach that contract to its proposed Amended Complaint. *See, e.g., Foulk Consulting Servs., Inc. v. BlazeMeter, Inc.*, No. 20-11446, 2020 WL 10620265, at *3 (E.D. Mich. Nov. 16, 2020) ("Allegations of breach of contract are not subject

Second, EPS contends that Deltro is not actually moving for leave to amend but is instead, in substance, moving for leave to file supplemental pleadings. (Doc. 36, #734). EPS's attack again questions Deltro's standing, arguing that a plaintiff cannot extend standing for one claim (breach of contract) to create standing for another (the federal declaratory judgment act claim). (*See id.*). But Deltro is not seeking to do so. (Doc. 4, #23–27). It has standing to assert the new claim.

Finally, EPS argues that Ohio law forecloses Deltro's standing to challenge the mechanic's lien. EPS argues that challenges to mechanic's liens are in rem actions, and Deltro's lack of a property interest means it cannot attack the lien. (Mot. for J. on the Pleadings, Doc. 35, #715–16; Doc. 36, #735). To EPS, Ohio law only permits the subject property owner to attack a mechanic's lien.

That argument appears to conflate two distinct concepts: standing and personal jurisdiction. Standing concerns the plaintiff's ability to bring a given claim. *ProgressOhio.org*, 13 N.E.3d at 1104. Personal jurisdiction, of which in rem jurisdiction is a subcategory, concerns the court's power over a particular defendant. *See Guernsey Bank*, 894 N.E.2d at 732. Just because a mechanic's lien is an in rem

---

to heightened pleading requirements; there is no mandate that Plaintiff attach the alleged contract to the complaint or quote from it directly."). And while it is a well-accepted principle that "a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached," *Northampton Rest. Group., Inc. v. FirstMerit Bank, N.A.*, 492 F. App'x 518, 522 (6th Cir. 2012), here Deltro is not alleging that anyone breached the contract between PCL and Deltro. To the contrary, Deltro is alleging that its *performance* of its obligations under that contract is what is causing the harm that supports standing. In any event, the Court finds that Deltro has sufficiently alleged the existence of those contractual obligations.

action does not, by itself, mean that Deltro lacks standing to challenge EPS's lien. If anything, an in rem action limits who or what can be a *defendant*, not a plaintiff.

EPS argues to the contrary, citing *RMT, Inc. v. SPE Utility Contractors L.L.C.*, which held that Michigan's mechanic's lien statute bars lien challenges by plaintiffs lacking some interest in the property. No. 09–11650–BC, 2009 WL 2777347, at *4 (E.D. Mich. Aug. 27, 2009). There, the court found the plaintiff would suffer no direct harm absent an interest in the attached property, and that the plaintiff's related contract claim against the defendant allowed the plaintiff to fully recover without the lien being invalidated. *Id.* at *3–4. EPS says the same result should follow here under Ohio law. (Mot. for J. on the Pleadings, Doc. 35, #721).

But *RMT* is distinguishable. To start, *RMT* applies Michigan law, not Ohio law. 2009 WL 2777347, at *4. More importantly, Deltro alleges a more direct form of harm than the plaintiff in *RMT*. There, the plaintiff's alleged injury was the strain the lien supposedly inflicted on its "relationship" with the defendant. *Id.* at *3. Deltro, by contrast, contends it must pay a bond premium as a result of the lien, a more tangible and concrete harm. (Proposed Am. Compl., Doc. 30-1, #439). And the *RMT* plaintiff could fully recover from the defendant in a contract action without reference to the lien. 2009 WL 2777347, at *4. Deltro may be separately able to recover on its contract dispute with EPS, but if the lien persists, Deltro will owe annual bond premiums during the pendency of this litigation. (Mot. to Expedite, Doc. 34, #708 (noting the bond premiums are assessed annually)). Should Deltro prevail on its contract claim against EPS, it is unclear whether Deltro can recover damages for

21

previously paid bond premiums. Simply put, *RMT* differs because Deltro's contract claim may not fully account for the lien's indirect monetary harm.

Nor, in any event, can EPS escape the impact of *Gale*, an Ohio case. EPS claims that the case is both unpublished and wrongly decided. (Mot. for J. on the Pleadings, Doc. 35, #724–25 (citing *Gale,* 2016 WL 4141234)). As to the latter, EPS claims that *Gale* relies on two defunct 1970s opinions, *Romito Bros. Elec. Constr. Co. v. Frank A. Flannery, Inc.*, 320 N.E.2d 294 (Ohio 1974), and *Summer & Co. v. DCR Corp.*, 351 N.E.2d 485 (Ohio 1976). (Mot. for J. on the Pleadings, Doc. 35, #725). EPS argues that Ohio law changed in the 1990s, from granting a contractor a lien "for performing or completing any such contract … upon the interest" into granting a contractor a lien for "performing or completing any improvement … upon the improvement and all interests[.]" (*Id.* (quoting previous and as-amended versions of Ohio Rev. Code § 1311.02)). In effect, EPS believes this change shows that Ohio mechanic's liens today arise from and attach solely to the improved property, rather than to the contract for those improvements. Thus, EPS says, *Gale* incorrectly held in 2016 that under "the law on mechanic's liens, the lien attaches to the contract, not the titled owner." 2016 WL 4141234, at *5.

The Court is not convinced. First, *Gale* is not unpublished. It is "unreported" in the sense that it does not appear in a reporter. But, for ten years, the rule has been that Ohio appellate court opinions "may be cited as legal authority and weighted as deemed appropriate by the courts without regard to whether the opinion was published or in what form it was published." Ohio Sup. Ct. Rep. Op. R. 3.4.

Second, *Gale* came down in 2016, decades after Ohio's General Assembly changed its mechanic's lien statute. 2016 WL 4141234. *Gale* thus reaffirmed that a contractual relationship (as opposed to only an ownership interest) can confer standing to challenge a mechanic's lien. *See id.* And critically, *Gale* appears to be the only Ohio case discussing this proposition since the law's change. "[W]hen uncertain how a state's highest court might rule on an issue of state law, a federal court is bound to make an '*Erie* guess' based on, among other things, the decisions of the state's intermediate courts." *Chulsky v. Golden Corral Corp.*, Case No. 1:19-cv-875, 2022 WL 293340, at *16 (S.D. Ohio Feb. 1, 2022); *see Stoner v. New York Life Ins. Co.*, 311 U.S. 464, 467 (1940) ("[F]ederal courts, under the doctrine of *Erie* ... must follow the decisions of intermediate state courts in the absence of convincing evidence that the highest court of the state would decide differently."). Here, the Court's "*Erie* guess" is that *Gale* correctly determined that the change to Ohio's mechanic's lien statute did not alter who has standing to challenge a lien. Indeed, further confirming the point in the Court's view, Ohio Revised Code § 1311.02 merely defines who can *obtain* a mechanic's lien, not who has standing to challenge one. The latter inquiry is instead controlled by settled notions of injury in fact, traceability, and redressability. And, here, those factors show that Deltro has standing.

Accordingly, the Court **GRANTS** Deltro's Motion for Leave to File First Amended Complaint (Doc. 30) and **ORDERS** Deltro file its First Amended Complaint.

**B.  The Court Grants PCL's Motion to Intervene.**

The Court next considers PCL's Motion to Intervene. Moving under Rule 24, PCL requests to intervene as a matter of right and, in the alternative, requests the Court to grant permissive intervention. Because the Court determines that it will allow PCL to permissively intervene, the Court does not consider if PCL is entitled to intervene as a matter of right.

"On timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question or law or fact." Fed. R. Civ. P. 24(b). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* at 24(b)(3). "Permissive intervention under Rule 24(b) is to be liberally granted to promote the convenient disposition of all claims in one lawsuit." *Allied Constr. Indus. v. City of Cincinnati*, 1:14-cv-450, 2014 WL 11429028, at *5 (S.D. Ohio Nov. 24, 2014). The decision to grant permissive intervention falls within the sound discretion of the district court. *See Blout-Hill v. Zelman*, 636 F.3d 278, 287 (6th Cir. 2011).

PCL requests intervention, arguing it has a common question of law concerning alleged errors in, and the validity of, EPS's mechanic's lien. (Mot. to Intervene, Doc. 44, #806). The Court agrees. PCL's challenge to the mechanics lien seems virtually identical to Deltro's. Indeed, PCL seeks to join in Deltro's Motion for Partial Summary Judgment. (Mot. to Join, Doc. 45).

Moreover, permitting PCL to intervene will not cause undue delay or prejudice to the other parties. Seeing as PCL adopts Deltro's same arguments, there is no

24

reason to believe that PCL's addition will lengthen proceedings much, if at all. As for prejudice, neither Deltro nor EPS alleges any prejudice. (Doc. 46. #820). In fact, EPS's sole complaint is that PCL's Proposed Answer responds to Deltro's proposed *Amended* Complaint (as opposed to Deltro's original Complaint). (*Id.*). This is a curious argument, seeing as by EPS's own admission, it "does not oppose PCL's right to seek intervention." (*Id.*). Asking the Court to deny PCL's Motion to Intervene solely because the Motion is directed at the not-as-yet filed Amended Complaint strikes the Court as elevating form over substance. In any event, as the Court has granted Deltro's Motion for Leave to File First Amended Complaint, EPS's argument on this front is now essentially moot.

Finally, the Court notes that PCL moved on July 18, 2022, for leave to replace its proposed answer and cross claims (Doc. 52). No party opposed this motion. Yet given the Court's ruling on the Motion for Leave to Amend, it strikes the Court that PCL's motion on this issue is, as a practical matter, a dead letter. The motion sought to replace PCL's current answer (which, as noted above, responds to the Amended Complaint) with a new answer (that would respond to the original Complaint). As the Court now grants Deltro leave to file the Amended Complaint, however, the Court instructs PCL to respond to that Amended Complaint as appropriate, perhaps by refiling the answer it has already (preemptively) filed.

Accordingly, the Court **GRANTS** PCL's Motion to Intervene. (Doc. 44). But the Court **DENIES AS MOOT** PCL's Motion for Leave to Replace Proposed Answer and Cross Claims. (Doc. 52). The Court also notes that PCL has joined Deltro's Motion for

Partial Summary Judgment as a co-movant (Mot. to Join, Doc. 45), which the Court will allow.

## C. The Court denies EPS's Motion for Judgment on the Pleadings.

EPS moved for Partial Judgment on the Pleadings before this Court had granted Deltro's Motion for Leave to File First Amended Pleading and PCL's Motion to Intervene. The Motion thus attacks Deltro's initial complaint. (Mot. for J. on the Pleadings, Doc. 35, #715–16). As that is no longer the operative complaint, the Court concludes that EPS's Motion is now moot. *See Cooper v. Montgomery Cnty.*, 2015 WL 4538950, *1 (S.D. Ohio June 5, 2015). And, in any event, EPS's Motion was largely predicated on a facial attack on Deltro's standing, which the Court rejected above. But while the Court finds this facial attack unavailing, EPS is entitled to raise a separate factual challenge to Deltro's standing as the facts develop. *See Flynn v. FCA LLC*, 39 F.4th 946, 954 (7th Cir. 2022). Therefore, the Court dismisses EPS's Motion without prejudice as to the merits of its standing challenge.

The Court therefore **DENIES AS MOOT WITHOUT PREJUDICE** EPS's Motion for Partial Judgment on the Pleadings (Doc. 35).

## D. The Court Denies EPS's Motion to Strike Deltro's Response to PCL's Motion To Intervene.

The Court briefly touches on, and denies, EPS's Motion to Strike Deltro's Response to PCL's Motion. (Doc. 49).

After PCL moved to intervene, Deltro seized the opportunity to file a "response" that did not actually respond to the motion. (*See* Doc. 46). Instead of discussing the merits of PCL's request to intervene, Deltro used its response to inform the Court

26

how Deltro hoped the Court would resolve the then-pending motions. (*Id.*). It addressed PCL's actual motion in a single footnote out of five pages, stating that it "does not oppose PCL's motion to intervene." (*Id.* at #820).

EPS responded by moving to strike Deltro's response. (*See* Doc. 49). In particular, it claimed that the (non-)response was actually either (1) a sur-reply relating to the other then-pending motions, or (2) uninvited correspondence with the Court, the first of which, EPS claimed, would violate S.D. Ohio Local Rule 7.2(a)(2), and the latter of which would violate S.D. Ohio Local Rule 7.2(c). (*Id.* at #825–26).

The Court agrees that parties should not use mislabeled "responses" to skirt local rules. But the Court notes that EPS engaged in its own sleight-of-hand in its Motion to Strike. As a general matter, motions to strike apply only to pleadings, not motions or responses to motions, as EPS is seeking to do here. *See Dowell v. Bernhardt*, 2019 WL 6909461, at *5 (M.D. Tenn. Dec. 19, 2019) ("[A] motion to strike may not be used to strike another motion."); *see also Milk Drivers v. Roberts Dairy*, 219 F.R.D. 151, 152 (S.D. Iowa 2003). In fact, it appears EPS used its "Motion to Strike" largely to promote its own competing ideas for the pending motions.

In any event, having now resolved the pending motions (other than the Motion for Partial Summary Judgment described below), the Court **DENIES** EPS's Motion to Strike Deltro's Response to PCL's Motion to Intervene (Doc. 49).

## E. Deltro's and PCL's Joint Motion for Partial Summary Judgment Remains Pending.

In light of the developments reflected in this Opinion, the Court cannot yet rule on Deltro's and PCL's Joint Motion for Partial Summary Judgment. The Motion

remains pending. Because the Court has granted Deltro's Motion for Leave to File First Amended Complaint, the Court **DENIES AS MOOT** EPS's Motion to Strike Deltro's and PCL's Joint Motion for Partial Summary Judgment,[5] (Doc. 37), and **DENIES AS MOOT** EPS's Motion to Stay Consideration of Deltro's and PCL's Joint Motion for Partial Summary Judgment. (*Id.*). However, the Court **GRANTS** EPS's Motion for Extension of Time to Oppose Deltro's and PCL's Joint Motion for Partial Summary Judgment. (*Id.*). EPS shall have 21 days from the filing of this Opinion (as it requested in its motion for extension) to respond to the summary judgment motion.

Further, at risk of stating the obvious, the Court notes it did not decide Deltro's Motion for Partial Summary Judgment before April 20, 2022, as Deltro requested in its Motion to Expedite. (Mot to Expedite, Doc. 34, #710). The Court therefore **DENIES AS MOOT** Deltro's Motion to Expedite (Doc. 34).

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Deltro's Motion for Leave to File First Amended Complaint (Doc. 30), and **ORDERS** Deltro to file the same. The Court **GRANTS** PCL's Motion to Intervene (Doc. 44), and **DENIES AS MOOT** PCL's Motion for Leave to Replace Proposed Answer and Cross Claims (Doc. 52). The Court **GRANTS** EPS's Motion for an Extension of Time (Doc. 37). The Court **DENIES AS MOOT WITHOUT PREJUDICE** EPS's Motion for Judgment on the Pleadings (Doc. 35). The Court **DENIES AS MOOT** EPS's Motion to Strike or Stay

---

[5] As noted above, the Court concludes that EPS cannot move to strike a motion. *See Bond v. ATSI/Jackson Job Corps Center*, 811 F. Supp. 2d 417, 421 (D.C. Cir. 2011).

Consideration of Deltro's and PCL's Joint Motion for Partial Summary Judgment (Doc. 37). The Court **DENIES AS MOOT** Deltro's Motion to Expedite (Doc. 34). Finally, the Court **DENIES** EPS's Motion to Strike Deltro's Response to PCL's Motion to Intervene (Doc. 49).

Accordingly, EPS is hereby **ORDERED** to respond to the Joint Motion for Partial Summary Judgment (Doc. 31), within 21 days of this Opinion and Order. All new parties are advised to file responsive pleadings within the time allotted by the Federal Rules.

**SO ORDERED.**

September 23, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**