UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DELTRO ELECTRIC LTD.<br><br>    Plaintiff<br><br>v.<br><br>ELECTRIC POWER SYSTEMS INTERNATIONAL, INC.<br><br>    Defendant<br><br>and<br><br>PCL CONSTRUCTION SERVICES, INC.<br>c/o National Registered Agents, Inc.<br>4400 Easton Commons Way, Ste. 125<br>Columbus, OH 43219<br><br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND<br>c/o Corporation Service Company<br>50 West Broad St., Ste. 1330<br>Columbus, OH 43215<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA<br>c/o CSC-Lawyers Incorporating Service<br>50 W. Broad St., Ste. 1800<br>Columbus, OH 43215<br><br>FEDERAL INSURANCE COMPANY<br>c/o CT Corporation System<br>4400 Easton Commons Way<br>Columbus, OH 43219<br><br>    Defendants | Case No. 1:21-cv-00303<br><br>Judge Douglas R. Cole<br><br>Magistrate Judge Karen L. Litkovitz |

**PLAINTIFF DELTRO ELECTRIC LTD.'S FIRST AMENDED COMPLAINT**

Plaintiff Deltro Electric Ltd. ("Deltro") submits this First Amended Complaint against Defendants Electric Power Systems International, Inc. ("EPS"), PCL Construction Services, Inc. ("PCL"), Fidelity and Deposit Company of Maryland ("FDCM"), Travelers Casualty and Surety Company of America ("Travelers"), and Federal Insurance Company ("FIC") and states:

## PARTIES

1. PCL is a corporation organized and existing under the laws of the State of Colorado.
2. PCL's principal place of business is located in the State of Colorado.
3. Deltro is a limited company organized and existing under the laws of Ontario, Canada.
4. Deltro's principal place of business is located in Canada.
5. EPS is a corporation organized and existing under the laws of the State of Missouri.
6. EPS's principal place of business is located in the State of Missouri.
7. FDCM is a Maryland corporation with its principal place of business in Illinois.
8. Travelers is a Connecticut corporation with its principal place of business in Connecticut.
9. FIC is an Indiana corporation with its principal place of business Indiana.

## THE CONSTRUCTION PROJECT

10. Hillcrest Solar I, LLC ("Hillcrest Solar") was the lessee contracting for the construction of an electric power generating facility (the "Project").
11. The Project is located at or about 4349 Greenbush East Rd., Mt. Orab, OH 45154.
12. The Project is commonly referred to as Hillcrest Solar Farm.
13. The Project generally consists of a solar field with arrays of photovoltaic panels.
14. To construct the Project, Hillcrest Solar contracted with PCL as an original contractor.
15. PCL in turn subcontracted Deltro.
16. Deltro in turn subcontracted EPS.

2

**THE DISPUTE**

17. Deltro and EPS entered into a series of written contracts for the Project.

18. The contracts were embodied in PO D11793-156-5430, PO D11793-157-5440, PO D11793-158-5450, PO D11793-160-5430, PO D11793-161-5430, and Subcontract dated June 30, 2020 (the "Contracts").

19. Copies of the Contracts are not attached because they are voluminous and EPS already possesses copies.

20. EPS failed to perform its obligations under the Contracts.

21. EPS claimed it was owed payment for unverified and/or unapproved labor and materials for which it was not owed payment.

22. EPS's work was deficient.

23. EPS failed to complete its scope of work.

24. EPS then abandoned the project, leaving its scope of work incomplete.

25. Thereafter, EPS filed a mechanic's lien on the Project.

26. The amount of EPS's lien was grossly overstated and exaggerated.

27. Furthermore, EPS's lien is invalid due to EPS's failure to comply with R.C. 1311.05 (Notice of Furnishing obligations) and R.C. 1311.06 (Affidavit for Mechanics' Lien obligations).

28. As a result of EPS's lien, PCL withheld payment from Deltro.

29. The resulting non-payment damaged Deltro directly by the non-receipt of payment it was owed by PCL.

30. The resulting non-payment further damaged Deltro by prohibiting Deltro from paying other subcontractors due to Deltro's lack of receipt of payment from PCL.

31. EPS's invalid lien prevented the orderly administration and performance of the Project.

32. PCL filed an application in the Court of Common Pleas for Brown County, Ohio to bond off EPS's lien.

33. The Court of Common Pleas for Brown County, Ohio approved the application, approved PCL's bond (Bond No. 6357719, 107385649, K40583175), and discharged the lien.

34. PCL is the principal on the bond and FDCM, Travelers, and FIC are the sureties on the bond.

35. PCL, FDCM, Travelers, and FIC as principal and sureties have an interest in the bond, which bond is the subject to the declaratory judgment claim in this action.

36. Deltro has contractual obligations to indemnify PCL for the bond premiums to maintain the bond and for liability that the bond may incur.

37. All conditions precedent for Deltro's claims have been satisfied.

### Count 1: Declaratory Judgment per Ohio Law
### (against EPS)

38. Deltro incorporates the above allegations herein.

39. In this diversity action, the Court has authority to enter a declaratory judgment in accordance with Ohio law.

40. Under R.C. 2721.02, "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed…The declaration may be either affirmative or negative in form and effect. The declaration has the effect of a final judgment or decree."

41. Additionally, "any person interested under a…written contract…or any person whose rights, status, or other legal relations are affected by a…contract…may have determined any question of…validity arising under the…contract…and obtain a declaration of rights, status, or other legal relations under it." R.C. 2721.03.

4

42. R.C. 2721.03 does "not limit or restrict the exercise of the general powers conferred" by Section 2721.02, "in any action or proceeding in which declaratory relief is sought…and in which a judgment or decree will terminate the controversy or remove an uncertainty."

43. The declaratory judgment provisions are remedial and to be liberally construed and administered. R.C. 2721.13.

44. "The essence of declaratory relief is to dispose of uncertain or disputed obligations quickly and conclusively." *Rose v. Primal Ability, Ltd.*, 2014-Ohio-3610 (10th Dist. 2014).

45. EPS's mechanic's lien is invalid and Deltro requests a judgment to that effect.

46. The statutory requirements for formation of a mechanic's lien are strictly construed. *Crock Constr. Co. v. Stanley Miller Constr. Co.*, 66 Ohio St. 3d 588, 613 N.E.2d 1027 (Ohio 1993).

47. To preserve the right to file a lien, EPS was required to serve a Notice of Furnishing that, among other things, identified the name of the entity that EPS performed the labor or work for. *See* R.C. 1311.05.

48. However, EPS's Notice of Furnishing stated that it performed the work for "DELTRO Electric Ltd, Wood Operating Company, LLC."

49. There is no entity by that name.

50. EPS's Notice of Furnishing is defective and EPS failed to preserve its lien rights.

51. Holding no right to file a lien in the first instance, EPS's lien is invalid. *Linworth Lumber Co. v. Z.L.H., Ltd.*, 2003-Ohio-7322 (5th Dist. 2003) ("R.C. 1311.05(A) places a mandatory duty upon subcontractors and material suppliers to serve a notice of furnishing in order to preserve lien rights.")

52. Further, to assert a lien, EPS's Affidavit for Mechanics' Lien was required to identify "the name of the owner, part owner, or lessee." *See* R.C. 1311.06.

53. The lessee is Hillcrest Solar I, LLC.

54. However, EPS's Affidavit stated the lessee is "Hillcrest Solar 1, LLC."

55. The use of a numeral 1 in place of the letter I, for purposes of land records recording, indexes, and searches, is an erroneous name.

56. EPS's Affidavit is defective and its purported lien is invalid on this second ground as well. *Fifth Third Bank v. Ohio Farmers Ins. Co.*, 2011-Ohio-1774, ¶ 27 (5th Dist. 2011) ("Generally, the failure to set forth the correct owner's name in an affidavit for mechanic's lien precludes the creation of a valid lien.").

57. A real controversy exists between the adverse parties. EPS's lien has been and is causing damage to Deltro by directly resulting in Deltro's loss of payment from PCL for its work on the Project.

58. The cause is justiciable in nature. Courts routinely evaluate mechanic's liens for statutory compliance and validity. Courts routinely enter judgments that mechanic's liens are invalid for failure to satisfy the statutory requirements.

59. Speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost. EPS's lien is causing substantial financial damage to Deltro through the loss of payment it is owed on the Project. EPS's lien is also preventing Deltro from paying other subcontractors due to Deltro's lack of receipt of payment from PCL. Moreover, EPS's lien is prevented the orderly administration and performance of the Project. Speedy determination and relief, as contemplated by the declaratory judgment provisions, is necessary to alleviate the ongoing damage caused by EPS's *invalid* lien.

60. Deltro possesses standing to seek this declaratory judgment. The question of standing looks to whether the party has a personal stake in the outcome of the controversy and to ensure that the dispute sought to be adjudicated will be presented in an adversarial context.

61. Deltro has a significant personal stake in the outcome. EPS's lien is and has been directly preventing Deltro from receiving payment it is owed. Deltro's personal stake will be

vindicated by declaring the *invalid* lien to be invalid, thus freeing payment and causing Deltro to receive the substantial funds it is owed for the Project.

62. This dispute will be presented in an adversarial context. EPS is Deltro's subcontractor and EPS has caused Deltro substantial damage through non-receipt of funds and damage to the orderly administration of the Project. Deltro's interest in seeing the invalid lien declared invalid are directly adverse to EPS's presumed interest in avoiding the declaration of invalidity.

63. All requirements for a declaratory judgment have been met.

64. Deltro requests that the Court enter judgment declaring EPS's lien to be invalid for failure to comply with R.C. 1311.05 (Notice of Furnishing obligations) and R.C. 1311.06 (Affidavit for Mechanics' Lien obligations) and releasing the bond.

### Count 2: Declaratory Judgment per Federal Law
### (against EPS)

65. Deltro incorporates the above allegations herein.

66. A declaratory judgment is an available remedy under federal law.

67. 28 U.S.C. § 2201(a) provides that in a case of actual controversy within its jurisdiction, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

68. There is an actual controversy between Deltro and EPS regarding the invalidity of EPS's lien and damage the invalid lien has caused and continues to cause to Deltro.

69. Deltro seeks a declaration that EPS's lien is invalid for the reasons set forth in Count 1.

70. All requirements for a declaratory judgment have been met.

7

71. Deltro requests that the Court enter judgment declaring EPS's lien to be invalid for failure to comply with R.C. 1311.05 (Notice of Furnishing obligations) and R.C. 1311.06 (Affidavit for Mechanics' Lien obligations) and releasing the bond.

### Count 3: Breach of Contract
### (against EPS)

72. Deltro incorporates the above allegations herein.

73. Deltro entered into a series of valid written Contracts with EPS.

74. Deltro performed its obligations for the Project in accordance with the Contracts.

75. Deltro paid EPS for its work on the project in accordance with the Contracts.

76. Under the Contracts, EPS was obligated to, among other things:

   a. furnish all materials, labor, tools, equipment, and supplies necessary to perform, and to perform all work described, in the Contracts;

   b. perform to the satisfaction and approval of the Architect, Engineer, and Deltro;

   c. provide due performance as a condition precedent to all payments by Deltro;

   d. provide full performance of the Contracts;

   e. comply with the agreement that Deltro's receipt of payment is a condition precedent to payment to EPS;

   f. submit accurate and correct invoices;

   g. carry on and complete the work in a prompt and diligent manner and to not interfere with or delay the work of Deltro or the the work of other subcontractors;

   h. be liable to Deltro for all damages caused by EPS and to pay to Deltro such damages;

   i. warrant the work and make good any defect;

   j. assume towards Deltro all obligations Deltro owes to PCL or the owner;

8

    k.  indemnify Deltro, PCL, and owner against all damages, including attorney's fees, caused by EPS's breaches;

    l.  not undertake any changes or extras without a written order from Deltro that includes the amount of extra payment (if any); and

    m.  comply with the agreement that Deltro may withhold payments in its discretion to protect Deltro on account of EPS's work.

77. EPS materially breached the contract by, among other things:

    a.  claiming payment for unverified and/or unapproved labor and materials;

    b.  failing to complete its scope of work;

    c.  abandoning the Project;

    d.  filing a grossly overstated, exaggerated, and invalid mechanic's lien;

    e.  failing to furnish all materials and labor and to perform all work described in the Contracts;

    f.  failing to perform to the satisfaction of Deltro and others;

    g.  failing to provide due performance;

    h.  failing to provide full performance of the Contracts;

    i.  failure to comply with the pay-if-paid condition precedent;

    j.  failing to submit accurate and correct invoices;

    k.  failing to carry on and complete the work in a prompt and diligent manner;

    l.  interfering with and delaying the work of Deltro and others;

    m.  failing to pay Deltro damages;

    n.  failing to provide completed work free of defects;

    o.  failing to assume towards Deltro the obligations Deltro owes to PCL and the owner;

    p.  failing to indemnify Deltro, including attorney's fees;

    q. allegedly undertaking changes without proper written order from Deltro; and

    r. failing to comply with the agreement that Deltro may withhold payment in its discretion to protect Deltro on account of EPS's work.

78. As a result of EPS's breaches, Deltro has been damaged in an amount to be determined at trial, which amounts are ongoing.

## Relief Requested

79. Deltro requests a judgment against EPS for:

    a. Declaring EPS's lien to be invalid and the bond released;

    b. All damages in an amount to be determined at trial;

    c. Prejudgment interest;

    d. Post judgment interest;

    e. Attorney's fees and expenses;

    f. Costs; and

    g. Any other relief to which Deltro is entitled at law or in equity.

Respectfully submitted,

*/s/ Nicholas W. Schwandner*
Nicholas W. Schwandner (0086471)
SCHWANDNER LAW FIRM LLC
119 E. Court St., Suite 504
Cincinnati, OH 45202
T: (513) 429-4099
F: (513) 772-7904
ns@schwanlawfirm.com

*Trial attorney for Plaintiff*
*Deltro Electric, Ltd.*

**PROOF OF SERVICE**

      I certify that a copy was filed electronically on October 5, 2022, via the Court's CM/ECF system, which will serve notification upon:

| | |
|---|---|
| Theresa L. Nelson<br>Daniel J. Knecht<br>John B. Pinney<br>Graydon Head & Ritchey LLP<br>312 Walnut St., Ste. 1800<br>Cincinnati, OH 45202<br>tnelson@graydon.law<br>dknecht@graydon.law<br>jpinney@graydon.law<br><br>*Counsel for Defendant*<br>*Electric Power Systems International, Inc.* | Robert A. Koenig<br>Shumaker, Loop & Kendrick<br>1000 Jackson St.<br>Toledo, OH 43624<br>rkoenig@shumaker.com<br><br>*Counsel for Intervening Defendant/Cross-*<br>*Plaintiff PCL Construction Services, Inc.*<br>*and Defendants Fidelity and Deposit*<br>*Company of Maryland, Travelers Casualty*<br>*and Surety Company of America, and*<br>*Federal Insurance Company* |

      */s/ Nicholas W. Schwandner*
      Nicholas W. Schwandner